**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO: 1:21-cr-0175-3 (TJK)** |
| | * | |
| **ZACHARY REHL,** | * | |
| **Defendant** | * | |

********

**ZACHARY REHL'S MOTION TO DISMISS**
**COUNTS TWO AND THREE**

Mr. Rehl, through undersigned counsel, respectfully moves to dismiss the charges brought pursuant to 18 U.S.C. § 1512, Counts Two and Three of the Third Superseding Indictment (ECF 380, filed 6/6/22) ("TSI"). Count Two charges a conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k). *Id.* at 24. Count Three charges obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2). *Id.* at 25. This motion seeks dismissal on two grounds (a) the decision in *United States v. Miller*, No. 1:21-CR-00119 (CJN), 2022 WL 823070 (D. D.C. Mar. 7, 2022), *reconsideration denied*, No. 1:21-CR-00119 (CJN), 2022 WL 1718984 (D. D.C. May 27, 2022), *interlocutory appeal pending,* No. 22-3041 (D.C. Cir., June 28, 2022); and (b) the vagueness doctrine and the rule of lenity.

**A. Procedural History**

The Court previously denied a similar motion to dismiss. *See* Memorandum Opinion (ECF 263, entered 12/28/21). At the time, the case was proceeding pursuant to the First Superseding Indictment ("FSI") (ECF 26, filed 3/10/21).

Count One in the FSI charged a conspiracy to corruptly obstruct an official proceeding (18 U.S.C. § 1512(c)(2)), in violation of the general federal conspiracy statute, 18 U.S.C. § 371, which

carries a statutory maximum penalty of 5 years' imprisonment. *Id.* at 6. Count Two in the FSI charged a substantive obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), which carries a statutory maximum penalty of 20 years' imprisonment. *Id.* at 15.

In the current indictment, Count Two charges a conspiracy to violate § 1512(c)(2) under the obstruction conspiracy statute, 18 U.S.C. § 1512(k), which carries a statutory maximum penalty of 20 years' imprisonment. (ECF 380 at 24). Count Three charges a substantive obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), which carries a statutory maximum penalty of 20 years' imprisonment. *Id.* at 25. This charge is identical to Count Two in the FSI.

### B. The Statutory Construction Analysis in *Miller* Requires Dismissal

The instant motion seeks dismissal under the reasoning of *Miller,* where Judge Nichols after a thorough statutory construction analysis concluded that 18 U.S.C. § 1512(c)(2) "requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding."

> For all the foregoing reasons, the Court believes there are two plausible interpretations of the statute: either § 1512(c)(1) merely includes examples of conduct that violates § 1512(c)(2), or § 1512(c)(1) limits the scope of § 1512(c)(2). The text, structure, and development of the statute over time suggest that the second reading is the better one. But the first is, at a minimum, plausible.
>
> At the very least, the Court is left with a serious ambiguity in a criminal statute. As noted above, courts have "traditionally exercised restraint in assessing the reach of a federal criminal statute," and have "construe[d] penal laws strictly and resolve[d] ambiguities in favor of the defendant." Applying these principles here "gives citizens fair warning of what conduct is illegal, ensuring that [an] ambiguous statute[ ] do[es] not reach beyond [its] clear scope." And it makes sure that "the power of punishment is vested in the legislative, not the judicial department." The Court therefore concludes that § 1512(c)(2) must be interpreted as limited by subsection (c)(1), and

> thus requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.
>
> Miller, however, is not alleged to have taken such action. Instead, Count Three of the Second Superseding Indictment alleges only that he "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18." Indictment at 2–3. Nothing in Count Three (or the Indictment more generally) alleges, let alone implies, that Miller took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote.

*Miller*, *supra*, at *15.

The *Miller* analysis and holding would apply with equal force to the factual allegations and offenses charged in Counts Two and Three in the instant case.[1] While this Court in denying the Motion to Dismiss also conducted statutory analysis, its review is not identical to the analysis conducted by Judge Nichols in *Miller*. And, this Court reached a different conclusion.

Mr. Rehl would respectfully request that this Court reconsider its decision and dismiss the § 1512(c)(2) counts under the analysis set out in *Miller.*

---

[1] Judge Nichols also dismissed another § 1512(c)(2) prosecution on the same grounds. *See United States v. Fischer*, 2022 WL 782413, at *4 (D. D.C. 2022) (nothing in the Superseding Indictment "alleges, let alone implies, that Fischer took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote.").

**C. In Light of the Conflicting Opinions in this District, the Vagueness Doctrine and the Rule of Lenity Requires Dismissal of the Obstruction Counts**

> The Fifth Amendment provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law." Our cases establish that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. The prohibition of vagueness in criminal statutes "is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law," and a statute that flouts it "violates the first essential of due process."

*Johnson v. United States,* 576 U.S. 591, 595 (2015) (internal citations omitted)

If learned jurists cannot agree on the statute's meaning and the conduct it prohibits, it follows that the statute "fails to give ordinary people fair notice of the conduct it punishes." *Id.* Indeed, in assessing whether a statute is unconstitutionally vague, the Supreme Court has found important "the conflicting results which have arisen from the painstaking attempts of enlightened judges in seeking to carry out [a] statute in cases brought before them." *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 89-90 (1921).

Moreover, this is not an ordinary conflict. Here, the cases arise out of the same incident and are being tried in the same court. There would seem to be no more vivid example that the statute fails to give fair notice to an ordinary person of what it prohibits when learned judges carefully and thoroughly applying canons of statutory construction come out with diametrically opposed results. The different results reached by this Court and Judge Miller make little sense from the perspective of a reasonably intelligent person, who is under the impression that the American judicial system is the finest in the world, governed by the rule of law not the chance of the draw.

To draw an analogy from the sentencing context, "The goal of [federal criminal law] is, of course, to reduce unjustified disparities and so reach toward the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice." *Koon v. United States*, 518 U.S. 81, 113 (1996). That one defendant can have his charges dismissed while another must stand trial in the same Courthouse, facing 20 years' imprisonment undermines our principled system of justice.

> [I]f our recourse to traditional tools of statutory construction leaves any doubt about the meaning of "tangible object," as that term is used in § 1519, we would invoke the rule that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." That interpretative principle is relevant here, where the Government urges a reading of § 1519 that exposes individuals to 20-year prison sentences for tampering with any physical object that might have evidentiary value in any federal investigation into any offense, no matter whether the investigation is pending or merely contemplated, or whether the offense subject to investigation is criminal or civil. ("Application of the rule of lenity ensures that criminal statutes will provide fair warning concerning conduct rendered illegal and strikes the appropriate balance between the legislature, the prosecutor, and the court in defining criminal liability."). In determining the meaning of "tangible object" in § 1519, "it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite." (rule of lenity " reinforces" the conclusion that arson of an owner-occupied residence is not subject to federal prosecution under 18 U.S.C. § 844(i) because such a residence does not qualify as property "used in" commerce or commerce-affecting activity).

*Yates v. United States*, 574 U.S. 528, 547-48 (2015) (internal citations omitted).

Vague laws "leav[e] people in the dark about what the law demands and allow[] prosecutors and courts to make it up." *Sessions v. Dimaya*, 138 S. Ct. 1204, 1224 (2018). The perspective is that of a reasonably intelligent person. If the government is charging hundreds of people with Class B misdemeanors for the same conduct that randomly results in a felony charge punishable by 20 years' imprisonment, it raises the second concern that the vagueness doctrine seeks to prevent. Indeed, as

to Mr. Rehl, who did not commit any violence, destroy any property, battle law enforcement, or bring weapons to the Capitol, his charges are exponentially more severe than others who committed similar or even more serious conduct. When crimes are not sufficiently demarcated it makes possible the exercise of arbitrary enforcement.

As can be seen dramatically in Mr. Rehl's case, in the January 6 prosecutions, the government has provided no notice, much less fair notice, of when or why a defendant moves from a Title 40 offense misdemeanor offense to a § 1512 20-year felony. This is a gross absence of "standards to govern the actions of police officers, prosecutors, juries and judges" requiring dismissal of the charges. *Dimaya*, 138 S. Ct. at 1212.

WHEREFORE, for the reasons set forth above, Mr. Rehl respectfully requests that this Honorable Court reconsider its decision and dismiss Counts Two and Three of the Indictment.

Respectfully submitted,

/s/

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on all counsel of record this 24th day of August, 2022.

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**