IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | *   Case No.  21-CR-0175-3 (TJK) |
| | * |
| ZACHARY REHL, | * |
| Defendant. | * |
| | * |

ooOoo

### MOTION TO DISMISS THE SEDITIOUS CONSPIRACY COUNT FOR FAILURE TO STATE AN OFFENSE, AS UNCONSTITUTIONALLY VAGUE AND UNDER THE RULE OF LENITY

Zachary Rehl, by his undersigned counsel, hereby respectfully moves pursuant to FED.R.CRIM.PROC. 12(b) to dismiss Count I, the seditious conspiracy count, of the Third Superseding Indictment ("TSI") on the ground that the Count fails to state an offense and the term "force" is facially and as applied unconstitutionally vague. Lastly, under the rule of lenity, the Court should dismiss the Count.

Count One alleges:

> From in and around December 2020, through in and around January 2021, in the District of Columbia and elsewhere, the defendants, ETHAN NORDEAN, JOSEPH BIGGS, ZACHARY REHL, ENRIQUE TARRIO, and DOMINIC PEZZOLA, did knowingly conspire, confederate, and agree, with other persons known and unknown to the Grand Jury, to oppose by force the authority of the Government of the United States and by force to prevent, hinder, and delay the execution of any law of the United States.

TSI (ECF 380) at 8.

A. **The Seditious Conspiracy Count Fails to State an Offense**

A defendant in a criminal case may move to dismiss an indictment on the grounds that it fails to state an offense because "the indictment does not charge a crime against the United States." *United States v. Cotton*, 535 U.S. 625, 631 (2002); *see also Al Bahlul v. United States*, 767 F.3d 1, 10 n.6 (D.C. Cir. 2014) ("Failure to state an offense is simply another way of saying there is a defect in the indictment"); Fed. R. Crim. P. 12(b)(3)(B)(v) ("failure to state an offense" as a defense that is based on "a defect in the indictment"). In such a claim, the "operative question is whether the allegations [in the indictment], if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Sanford, Ltd.*, 859 F.Supp.2d 102, 107 (D.D.C. 2012).

Here, while the statute does not define the term "force", every seditious conspiracy case that counsel is aware of involves allegations that the "force" used or contemplated by the defendants involved firearms or weapons of mass destruction. *See, e.g., United States v. Rhodes*, No. 22-cr-15 (APM), Superseding Indictment at ¶ 17 (ECF 167) (manner and means of conspiracy includes "bringing and contributing firearms and ammunition and related equipment . . . to the QRF staging areas outside Washington, DC"); *United States v. Rahman*, 189 F.3d 88 (2d Cir. 1999) (Ten defendants, including Muslim cleric, were charged with seditious conspiracy and other offenses arising from alleged plots to bomb office building, tunnels, and bridges in New York City, to assassinate President of Egypt, and to assassinate Israeli citizen who professed militant Zionism). In the instant case, there is no allegation that the defendants used, or discussed the use of firearms while in Washington, D.C. on January 6. brought firearms,

In this case, however, Counts I fails to allege any facts that support the allegation of use of "force" as that term has been applied in all other cases. Without an allegation that Mr. Rehl or the

other defendants conspired to to use weapons or firearms as part of the allegation that they conspired "to oppose by *force* the authority of the Government of the United States and by *force* to prevent, hinder, and delay the execution of any law of the United States" the Third Superseding Indictment fails to state an offense.

### B. The Seditious Conspiracy Count Violates Mr. Rehl's Due Process

#### 1. The Term "Force" Is Unconstitutionally Vague

The Fifth Amendment provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law."

> Our cases establish that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. The prohibition of vagueness in criminal statutes "is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law," and a statute that flouts it "violates the first essential of due process."

*Johnson v. United States,* 576 U.S. 591, 595 (2015) (internal citations omitted)

As noted above, the term "force" in seditious conspiracy prosecutions has been defined as involving the use of weapons of mass destruction and firearms. To the extent that the instant prosecution interprets the term "force" without a requirement of the use of weapons of mass destruction or firearms, the term is void for vagueness, facially and as applied, in violation of the Due Process clause and cannot support the charges in Counts I.

To comport with the Due Process clause, a statute must give fair warning of the prohibited conduct. *Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964). A statute is unconstitutionally vague under the due process clause if it (1) "fails to provide people of ordinary intelligence a

reasonable opportunity to understand what conduct it prohibits;" or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). In case like this one where First Amendment rights are implicated, a court may declare the law facially invalid. *See Reno v. American Civil Liberties Union,* 521 U.S. 844 (1997).

On its face, the term "force" is vague. As defined in the Merriam-Webster dictionary, "force" has multiple meanings including (a) "strength or energy exerted or brought to bear;" (b) "moral or mental strength;" (c) "military strength;" (d) "violence, compulsion, or constraint exerted upon or against a person or thing;" and (e) "the quality of conveying impressions intensely in writing or speech: cause of motion or change." Clearly, the breadth of the different meanings of force create a vagueness problem when used in a criminal statute. In the absence of some narrowing gloss, people must "guess at its meaning and differ as to its application." *See, e.g., United States v. Poindexter*, 951 F.2d 369, 377 (D.C.Cir. 1991) (explaining that term "corruptly" used in obstruction statute was unconstitutionally vague). The term is thus facially vague.

Moreover, if "force" covers the conduct alleged in this case, the term "force" does not pass constitutional muster as applied especially in the context of First Amendment activities involved in this case. A penal statute that contains facially vague terms is unconstitutional. As applied to the Indictment in this case, there is no allegation that Mr. Rehl used force or discussed the use of force or agreed to the use of force as applied in *Rhodes* and *Rahman*.

In sum, nothing in 18 U.S.C. § 2384, would have given fair notice to Mr. Rehl or to any person of common intelligence, that if he entered the United States Capitol for a short time, without injuring anyone or damaging any property while associated with others seeking to petition the Congress his conduct would run afoul of the seditious conspiracy charge and subject him to

4

imprisonment for a term of 20 years and the opprobrium that such a charge carries. Moreover, the vagueness of the term allows for arbitrary enforcement in violation of the Due Process Clause.

### C. Under the Rule of Lenity, The Court Should Dismiss the Count

Lastly, under all the circumstances, the Court should apply the rule of lenity to dismiss the seditious conspiracy count. "[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Yates v. United States*, 574 U.S. 528, 547 (2015). As the Supreme Court has explained, that "interpretative principle is relevant" where as here "the Government urges a reading [of § 2384] that exposes individuals to 20-year prison sentences even in the absence of firearms or weapons of mass destruction. *Id.* "Application of the rule of lenity ensures that criminal statutes will provide fair warning concerning conduct rendered illegal and strikes the appropriate balance between the legislature, the prosecutor, and the court in defining criminal liability." *Id.* at 548.

## CONCLUSION

For all the above noted reasons, and any that may be presented at a hearing on this matter and that are fair and just, this Honorable Court should dismiss Count One of the Third Superseding Indictment for failure to state an offense. In addition, Count One should be dismissed because 18 U.S.C. § 2384 is so vague that it fails to give fair notice to Mr. Rehl in violation of the Due Process Clause of the Fifth Amendment. Lastly, Count One should be dismissed under the rule of lenity.

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served on all counsel of record 24th day of August, 2022 on all counsel of record via ECF.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**