UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-175 (TJK) |
| | : | |
| ETHAN NORDEAN, et. al., | : | |
| | : | |
| Defendants. | : | |

## MOTION TO COMPEL WITNESS AND EXHIBIT LISTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to compel the defendants in this case to furnish a copy of their witness and exhibit lists, along with copies of the exhibits, by a date certain ahead of trial, and in the case of the witness list, by a date certain prior to the date upon which the jury has been summoned to complete the jury questionnaire. Such an order will facilitate the selection of a fair and impartial jury; promote judicial economy by allowing objections to witnesses or evidence to be litigated prior to trial; and serve the ends of justice by ensuring that the judgment in this case will not be founded upon incomplete or otherwise misleading testimony.

## ARGUMENT

I.   Legal Background

"Rules that provide for pretrial discovery of an opponent's [including the defense's] witness list serve" the high purpose of ensuring that judgments are not founded on a partial or speculative presentation of the facts." *Taylor v. Illinois*, 484 U.S. 400, 411 (1988). "Discovery, like cross-examination, minimizes the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony. The State's interest in protecting itself against an eleventh-hour defense is merely one component of the broader public interest in a full and truthful disclosure of critical facts." *Id.* at 411-12 (internal quotations removed). "The

adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played." *Williams v. Florida*, 399 U.S. 78, 82 (1970).

It is common for judges in this District to order pretrial disclosure of the names of defense witnesses and/or a defense exhibit list. *See, e.g.*, *United States v. Rhodes, et. al.*, 22-cr-15 (APM), Doc. 64, ¶¶ 8.c, 8.d; *United States v. Riley*, 21-cr-628 (ABJ), Doc. 33 at 3 (Joint Pretrial Statement, subparagraph (i)); *United States v. Sutton, et. al.*, 21-cr-598 (PLF), Doc. 179 at 4 (directing parties to exchange witness and exhibit lists); *United States v. Vance*, 19-cr-251 (RDM), Minute Order dated October 4, 2021; *United States v. Fitzsimons*, 21-cr-158 (RC), Doc. 55 at 2 (Joint Pretrial Statement, ¶ 8). Doing so in this case would promote judicial economy and serve the interests of justice in a just verdict.

II.     Witness List

The Court will present a questionnaire to the prospective jurors in this case on December 5, 2022. Minute Order dated November 1, 2022. As part of that questionnaire, the parties have requested that the Court provide those jurors with a list of names of individuals that they may hear from or about during the trial. *See* Parties' Joint Proposed Jury Questionnaire, Attachment A (no party noting an objection). The Court cannot accurately inform the jurors of potential defense witnesses unless the defense discloses those witnesses ahead of the questionnaire being provided to the jurors. The government has provided to this point two iterations of its witness list, and per the Scheduling Order (ECF 426), its final version is due on November 11, 2022. The government asks this court to require defendants to submit their witness lists by November 18, 2022, a week after the government's final list is due. Providing the list to the government by November 18 will,

in turn, allow the parties to submit a combined list to place in Attachment A well ahead of the December 5 juror report date.

    The defendants have so far refused to voluntarily provide a full list of witness names to the government.[1] This refusal is curious because the witness list, including defense witnesses, is especially important at the *voir dire* stage. As the Court knows, the defendants have all maintained that they cannot receive a fair trial in the District of Columbia and that venue must be transferred to the Southern District of Florida. *See* ECF No. 349 and related filings. The Court heard spirited argument from defendant Tarrio on that motion just over a week ago. No party has contested the idea that, no matter where this trial is held, a careful *voir dire* will be necessary. Part of that *voir dire* will encompass determining whether any potential juror knows or has preconceived notions about any potential witness, and then exploring any affirmative responses. That exercise will be impossible without the list of defense witnesses, and could lead to issues at trial if it turns out that a juror did in fact know about a witness later called. Requiring provision of the defendants' witness lists is squarely in the interests of justice.

    III.    <u>Exhibit List</u>

    Pretrial provision of a defense exhibit list and copies of the exhibits—preferably prior to the November 18 pretrial conference—will promote judicial economy by allowing the parties to raise and litigate any potential objections prior to trial, which will not only promote judicial economy, but save the jury's time at trial, by reducing the number of bench conferences and/or lengthy breaks to litigate any disputed exhibits. Defendants have not voluntarily provided any

---

[1] Counsel for defendant Biggs indicated by email that he would provide such a list by October 28, 2022. To date, the government has not received such list from counsel. Counsel for other defendants have made specific inquiries about discrete potential witnesses, but none have provided anything that they have represented was a witness list.

such list to date. We are no longer at a stage of the case where trial is a hypothetical future event. By the time of the pretrial conference, we will be approximately three weeks from *voir dire* and a month from opening statements. Requiring the defendants to provide a list of exhibits they intend to rely on a trial, in order to allow the Court to rule pretrial on any objections to those exhibits, will significantly streamline what is already a complicated trial, promote fundamental fairness, and serve the ends of justice, without depriving the defendants any rights. The government suggests that the Court set the date as November 11, the same due date as the government's final exhibit and witness lists are due, to allow the parties to discuss that list at the pretrial conference set for November 18. If the defendants are unable to have a finalized exhibit list by that date, the Court could—like it did for the government—require a draft to be provided on that date, with a finalized list sometime thereafter with enough time before trial to allow the government to raise objections to the exhibits thereon.

IV.     Discovery

The Court did not set a general deadline for any defense discovery productions required by Fed. R. Crim. P. 16(b), with the exception of expert disclosures.[2] The government to date has received no discovery from the defendants pursuant to Rule 16(b). The government asks that the Court set November 18 as the date by which any such discovery, other than expert witnesses, must be made.

---

[2] The deadline for defense expert disclosures has come and gone without any having been made.

## **CONCLUSION**

For the foregoing reasons, and any additional reasons as may be set at a hearing on this motion, the government respectfully requests that this motion be granted.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By:  /s/ Erik M. Kenerson
ERIK M. KENERSON, OH Bar No. 82960
JASON B.A. MCCULLOUGH
NY Bar No. 4544953
NADIA E. MOORE, NY Bar No. 4826566
   On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7233 //
jason.mccullough2@usdoj.gov


By:  /s/ Conor Mulroe
CONOR MULROE, NY Bar No. 5289640
Trial Attorney
U.S. Department of Justice, Criminal Division
1301 New York Ave. NW, Suite 700
Washington, D.C. 20530
(202) 330-1788
Conor.Mulroe@usdoj.gov