IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-CR-175 (TJK) |
| | : | |
| **ETHAN NORDEAN, et al.** | : | |
| | : | |
| Defendants. | : | |

# GOVERNMENT'S RESPONSE TO NORDEAN'S MOTION FOR A LESSER-INCLUDED INSTRUCTION

Defendant Ethan Nordean urges the Court (ECF No. 558) to instruct the jury that it may find the defendants guilty of a violation of 18 U.S.C. § 1512(d) as a lesser-included offense of 18 U.S.C. § 1512(c)(2), which is charged in Count Three. Because Section 1512(d) is not a lesser-included offense of Section 1512(c)(2), such an instruction is not appropriate.

## RELEVANT BACKGROUND

Nordean and his codefendants participated in the attack in the United States Capitol on January 6, 2021. On June 6, 2022, the grand jury returned a third superseding indictment, charging all defendants with violations of 18 U.S.C. §§ 2384 (seditious conspiracy), 1512(k) (conspiracy to obstruct an official proceeding); 1512(c)(2) (obstruction of an official proceeding), 372 (conspiracy to prevent an officer from discharging any duties), 231(a)(3) (obstruction of law enforcement during civil disorder), 1361 (destruction of government property), and 111(a)(1) (assaulting, resisting, or impeding certain officers. Defendant Dominic Pezzola was additionally charged with robbery of personal property of the United States, in violation of 18 U.S.C. § 2112.

On November 2, 2022, the parties submitted proposed jury instructions in this case. On November 29, 2022, Nordean filed a motion arguing that Section 1512(d) constitutes a lesser-

included offense of Section 1512(c)(2), and that the jury should be so instructed. ECF No. 558. No such lesser-included instruction has been provided in any case charging a violation of Section 1512(c)(2) in connection with the January 6 Capitol attack. *See, e.g.*, *United States v. Rhodes*, No. 22-cr-15, ECF No. 396 at 26-32 (D.D.C. Nov. 18, 2022); *United States v. Jensen*, No. 21-cr-6, ECF No. 95 at 27-31 (D.D.C. Sept. 22, 2022).

## DISCUSSION

A defendant may be adjudicated guilty of "an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c)(1). One offense is "necessarily included" in another where "the elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck v. United States*, 489 U.S. 705, 716 (1989). Determining whether one offense is "necessarily included" in another requires "the trial court [to] break down each offense by reference to its elements, without looking to how the offense may have been committed in the particular case, and ask whether it would be impossible to commit the higher offense without also committing the lower offense." Wayne R. LaFave et al., *6 Crim. Proc. § 24.8(e)* (4th ed. 2022).

Applying the elements test to the two statutes in question here demonstrates that Section 1512(d) is not a lesser-included offense of Section 1512(c)(2). Establishing a violation of Section 1512(c)(2) requires proof that the defendant (1) "attempted to or did obstruct or impede an official proceeding"; (2) "intended to obstruct or impede the official proceeding"; (3) "acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding"; and (4) "acted corruptly." *Jensen*, No. 21-cr-6, ECF No. 95 at 27. Establishing a violation of Section 1512(d) requires proof that (1) the defendant intentionally harassed another person; (2) the defendant's harassment of another person had the effect of hindering, delaying, or dissuading any person from taking certain action; (3) the person hindered,

2

delayed, or dissuaded was hindered, delayed, or dissuaded from attending or testifying in an official proceeding.[1] 18 U.S.C. § 1512(d). Listing the elements demonstrates that these statues are unlike cases on which Nordean relies involving differing drug quantities but otherwise substantively identical elements. *See United States v. Thompson*, 994 F.2d 864, 865 (D.C. Cir. 1993).

In particular, Section 1512(c)(2) and Section 1512(d) differ at the first element. Specifically, Section 1512(c)(2) focuses on "how a defendant acts, not how he causes another person to act." *United States v. Nordean*, 579 F. Supp. 3d 28, 49 (D.D.C. 2021). In that respect, Section 1512(c)(2) criminalizes "actions directed at the official proceeding itself." *United States v. Montgomery*, 578 F. Supp. 3d 54, 72 (D.D.C. 2021). By contrast, Section 1512(d) requires that a defendant have intentionally harassed *another person*. *See id.* at 77. It follows that Section 1512(d) does not comprise merely a "subset" of the elements required in Section 1512(c)(2). *See United States v. Wheeler*, 753 F.3d 200, 209 n* (D.C. Cir. 2014) ("If the elements of one crime (Crime A) 'are a subset of the elements' of another crime (Crime B), then Crime A is a lesser included offense of Crime B.").

Nordean repeatedly suggests (ECF No. 558 at 2-4, 6) that the government has conceded that Section 1512(d) is a lesser-included offense of Section 1512(c)(2). That is inaccurate. In acknowledging that Section 1512(d)(1) "is akin to a lesser-included offense of Section 1512(c)(2)," Gov't Bill of Particulars and Supp. Filing on 18 U.S.C. § 1512(c)(2), *United States v. Reffitt*, No. 21-cr-32, ECF No. 71 at 11 (D.D.C. Dec. 2, 2021), the government acknowledged the uncontroversial fact that under some circumstances, a defendant's actions could involve harassing

---

[1] Section 1512(d) includes four prongs addressing different actions. *See* § 1512(d)(1)-(4). The one listed above is the closest match to the facts at issue here.

another person and thereby hindering that person from attending an official proceeding (which would violate Section 1512(d)) while potentially also violating Section 1512(c)(2) if the defendant acted corruptly and otherwise satisfied the elements of Section 1512(c)(2).  But the Supreme Court in *Schmuck* rejected a lesser-included offense test that considered the relevant facts or the evidence adduced at trial to determine whether the two offenses bear an "inherent relationship" to one another.  *See* 489 U.S. at 715-16; *see also 6 Crim. Proc. § 24.8(e)* (explaining that federal courts adopt the elements-test to determine whether one offense is a lesser-included offense to another, while noting that other courts have used "cognate-pleadings" or "evidentiary" approaches, which instead focus on the particular pleadings or evidence in a given case).  Thus, following discussion between government counsel and Judge Friedrich about Section 1512(d) in *Reffitt*, the jury instructions in that case did not list Section 1512(d) as a lesser-included offense of Section 1512(c)(2).  *See United States v. Reffitt*, No. 21-cr-32, ECF No. 119 at 25-29 (D.D.C. Mar. 7, 2022).  The same approach is appropriate here.

**CONCLUSION**

For the foregoing reasons, this Court should deny Nordean's motion for a lesser-included offense instruction.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Erik M. Kenerson*
ERIK M. KENERSON // Ohio Bar No. 82960
JASON B.A. MCCULLOUGH
 N.Y. Bar No. 4544953
NADIA E. MOORE // N.Y. Bar No. 4826566
 On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street NW
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov

*/s/ Conor Mulroe*
Conor Mulroe // N.Y. Bar No. 5289640
Trial Attorney // U.S. Department of Justice,
 Criminal Division
1301 New York Avenue, Suite 700
(202) 330-1788
conor.mulroe@usdoj.gov

*/s/ James I. Pearce*
James I. Pearce
Appellate Counsel, Capitol Siege Section
United States Attorney's Office
NC Bar No. 44691
601 D Street NW
Washington, DC 20530
James.Pearce@usdoj.gov

5