UNITED STATES DISTRICT FOR THE DISTRICT
OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 21-cr-00175-TJK-6 |
| | ) |
| DOMINIC PEZZOLA | ) |
| | ) |
| Defendant | ) |

DEFENDANT PEZZOLA'S MOTION FOR MISTRIAL DUE TO THE GOVERNMENT'S
IMPROPER USE OF WITNESS'S PLEA AGREEMENT

Comes now defendant DOMINIC PEZZOLA ("Pezzola"), by undersigned counsel, and hereby moves this honorable Court for a declaration of mistrial in this case. On Tuesday, January 24, during direct examination of witness Matthew Greene, prosecutors introduced evidence of Greene's guilty plea to conspiracy charges, and then emphasized through evidence that this Court (Judge Kelly presiding) has granted its *imprimatur* to the government's conspiracy claim—the very conspiracy claims at issue in this case.

Pezzola herein expands in writing on the oral motion for mistrial made by Pezzola's counsel on January 25, with certain references to case law.

The existence or nonexistence of a criminal conspiracy among these codefendants (and/or other "Proud Boys") is among the most contested issues in the trial in this case. And the prosecution was allowed to inform the jury that the issue <u>was already resolved and proven</u> in the government's favor.

A review of case law regarding improper use of a cooperating witness' plea agreement indicates there may have never been a more extreme published case of blatantly improper use of such a plea agreement. Accordingly, a mistrial must be declared and a new trial ordered.

**Background.**

On January 23 and 24, federal prosecutors placed a witness on the stand named Matthew Greene. During direct examination, Greene testified that around December 2020 he and fellow upstate-New Yorker Dominic Pezzola shared common grievances regarding the 2020 presidential election and other matters and joined the "Proud Boys." Greene testified that he and Pezzola shared various experiences together, including a December 11-12 trip to Washington, D.C. to attend Proud Boy "Stop the Steal" events.

Greene continued describing his time accompanying Pezzola, including his experiences sharing a hotel room with Pezzola and others in Washington, D.C. again on Jan. 5 and 6, 2021. Greene testified that he and Pezzola met with Proud Boys on the morning of Jan. 6 at the Washington Monument and that he and Pezzola were together near the Capitol when the situation became unruly in the afternoon. During trial on Jan. 25, prosecutors culminated their direct examination of Greene by eliciting from Greene the fact that Greene had accepted a plea deal in which Greene pled guilty to conspiracy to obstruct an official proceeding regarding the very same events for which Pezzola and codefendants are presently on trial. Then, prosecutors elicited from Greene that the presiding judge, Timothy Kelly, has approved and accepted Greene's conspiracy guilty plea and that Greene is awaiting sentencing by Judge Kelly. Jurors uniformly looked up at Judge Kelly as Greene testified.

**Pezzola and codefendants now suffer overwhelming prejudice.**

Most cases where the introduction of plea deals is an issue involve the *credibility* of a cooperating witness.  *Defendants* generally seek to exploit such introduction; and therefore the prosecution generally introduces such information to lessen the severity of defense attacks on the witness's credibility.  See *United States v. Baylor*, 97 F.3d 542 (DC Cir. 1996); *United States v. Garcia–Guizar*, 160 F.3d 511, 524 (9th Cir.1998) (pleas elicited by prosecution to blunt the force of subsequent defense impeachment); *United States v. Tamura*, 694 F.2d 591, 602 (9th Cir.1982).

But here, Matthew Greene's plea deal was introduced by the government not just to vouch for and bolster Greene's credibility but to inform the jury that <u>the Court has already rubber stamped</u> conviction of the conspiracy claims in this case.  Here the government informed the jury that Greene's conspiracy charges had been ratified by a conviction in court, and that the respected sitting judge in the trial has approved and ruled that such a conspiracy exists between Greene and defendants.  This was worse than improper bolstering.  It was designed and intended to inform the jury that the jury need not deeply consider the question of whether a conspiracy exists, as Judge Kelly has already made that determination in the case.

This trial is poisoned to the core and cannot proceed further.

The closest published D.C. Circuit case on point, *United States v. Tarantino*, 846 F.2d 1384 (DC Cir. 1988), involved facts which were not nearly as egregious as the facts here.  *Tarantino* was a conspiracy case where several codefendants had taken guilty pleas.  "Strickland testified at trial that he had pleaded guilty to the same conspiracy counts for which the defendants were being tried." *Id.* at 1404.  The issue became a major component of Tarantino's appeal, where the D.C. Circuit wrote that "[a] government witness' guilty plea obviously may not be used as substantive evidence of the guilt of defendants, but the plea is equally obviously admissible to show the witness'

acknowledgement of his role in the offense and to reflect on his credibility." (citing *United States v. Roth*, 736 F.2d 1222, 1226 (8th Cir.), cert. denied, 469 U.S. 1058 (1984).

> In some instances—most obviously where there is a serious risk that the plea itself may be taken by the jury to support the defendants' guilt—a limiting instruction may be necessary to avoid prejudice. *Wallace v. Lockhart*, 701 F.2d 719, 725–26 (8th Cir.), cert. denied, 464 U.S. 934 (1983). At trial, however, Tarantino's counsel neither requested limiting instructions nor objected to the court's failure to give such instructions. Therefore, we could reverse only if the omission were plain error. . . .
>
> Here the defendants were not disadvantaged in any significant way by the omission of the instructions. The government never attempted to argue or even hint that Strickland's guilty plea had any bearing on the defendants' guilt or innocence. *Wallace v. Lockhart*, 701 F.2d at 726; *cf. United States v. Fleetwood*, 528 F.2d 528, 532–33 (5th Cir.1976) (government's emphasis on witness' guilty plea was prejudicial). Moreover, the overwhelming evidence of Tarantino's involvement in the conspiracy negates any possible harm from Strickland's statement.

*Tarantino*, 846 F.2d 1384, 1405 ((DC Cir. 1988).

In this case, unlike the *Tarantino* case, defendants sharply deny the existence of any conspiracy among them. Indeed, <u>this is the central issue of the trial.</u> The government's evidence for the existence of conspiracies in this case is largely by inference. Yet the prosecution has informed the jury that the presiding judge has already ruled that the government's claims are proper and well-founded.

### Legal Standard.

The admissibility of a codefendant's guilty plea turns on the purpose for which it is offered. *United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir.1981). "As a principle of general acceptance, the guilty plea ... of a codefendant may not be offered by the government ... as substantive evidence of the guilt of those on trial." *Id.* The Third Circuit, in *United States v. Universal Rehabilitation Services, Inc.*, 205 F.3d 657 (3rd Cir. 2000) held that "a testifying witness's guilty plea or plea agreement may be introduced for probative, and therefore permissible, purposes" such as (1) to allow the jury

accurately to assess the credibility of the witness; (2) to eliminate any concern that the jury may harbor concerning whether the government has selectively prosecuted the defendant; and (3) to explain how the witness has first-hand knowledge concerning the events about which he/she is testifying (citing several cases both within and without the 3rd Circuit).

Even where such other probative purposes exist, the bald introduction of a witness's guilty plea concerning facts or events similar to that for which the defendant is on trial could have the prejudicial effect of suggesting to the trier of fact that the defendant should be found guilty merely because of the witness's guilty plea. *See, e.g., United States v. Valley*, 928 F.2d 130 (5th Cir. 1991). "Our precedents have made it abundantly clear that evidence about the conviction of a co-conspirator is not admissible as substantive proof of the guilt of a defendant." *United States v. Handly*, 591 F.2d 1125, 1128 (5th Cir.1979); United States v. Toner, 173 F.2d 140 (3d Cir.1949); *Bisaccia v. Attorney General*, 623 F.2d 307, 312 (3d Cir.1980).

*Acquittal* of an alleged fellow conspirator is not evidence for a man being tried for conspiracy. So, likewise, conviction of an alleged fellow conspirator after a trial is not admissible as against one now being charged. Pezzola has a right to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else. See *United States v. Kroh*, 915 F.2d 326 (8th Cir. 1990) ("a confederate's guilty plea is admissible, even on the Government's direct examination of the witness, as evidence of the witness' [sic] credibility, or of his acknowledgment of participation in the offense." (citing cases). The witness's plea or evidence thereof, however, "cannot be used as substantive evidence of the defendant's guilt," and the jury should be so instructed. *United States v. Hutchings*, 751 F.2d 230, 237 (8th Cir.1984), cert. denied, 474 U.S. 829 (1985).

It is plainly improper for the government to indicate "it had independently verified the witnesses' testimony" *United States v. Drews*, 877 F.2d 10, 12 (8th Cir.1989). And such impropriety is compounded when the government indicates to the jury that the court has independently verified the witness' testimony.

An en banc panel of the Ninth Circuit issued a lengthy and detailed set of opinions regarding this issue in *United States v. Kroh,* 915 F.2d 326 (8th Cir. 1990). The majority upheld the use of a "confederate's" guilty plea over a strongly-worded dissent by 8th Circuit Chief Judge Lay, McMillian and Magill. The dissent wrote that "[t]he majority condones the principle that when a defendant is charged with conspiracy the government may in its case-in-chief offer a guilty plea of a co-conspirator, even though the plea necessarily implicates the defendant, as long as the trial judge gives a cautionary instruction." *Kroh* at 335-36 (Lay, C.J., dissenting). But Kroh had "a right to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else." *Id.* at 336.

> All courts that have considered the question, however, hold that the jury may not use the guilty plea as substantive evidence of the defendant's guilt. See, e.g., *United States v. Dworken*, 855 F.2d 12, 30–31 (1st Cir.1988); *United States v. Wiesle*, 542 F.2d 61, 62 (8th Cir.1976).
>
> When the prejudice to the defendant may be great, such as in the case of a guilty plea of a co-conspirator, the law requires additional safeguards to ensure that the government does not offer such evidence for an improper purpose and the jury does not use such evidence improperly. Courts have recognized that "reference to the guilty pleas of [the] defendant's alleged coconspirators, in the very case in which the defendant is then standing trial, is obviously capable of prejudicing his trial." *United States v. Handly*, 591 F.2d 1125, 1128 n. 1 (5th Cir.1979). Courts have found that such an instance occurs when a co-defendant or co-conspirator's guilty plea necessarily implicates the defendant. *United States v. Harrell*, 436 F.2d 606, 617 (5th Cir.1970); *United States v. Hutchings*, 751 F.2d 230, 239 (8th Cir.1984) (McMillian, J., specially concurring), cert. denied, 474 U.S. 829 (1985).

Kroh, at 336.

**Evidence of a guilty plea to conspiracy charges is more prejudicial than a guilty plea to other charges.**

It seems to be universally recognized that evidence that a cooperating government witness has pled guilty to the very conspiracy charges faced by defendants on trial is presumptively unfairly prejudicial. See *United States v. Toner*, 173 F.2d 140, 142 (3d Cir.1949) (calling the inadmissibility of a co-conspirator's guilty plea a general rule); *Kroh*, supra at 337 (Lay, C.J., dissenting) (evidence of a confederate's guilty plea to conspiracy charges is more prejudicial and damaging than other charges). "The guilty plea to a conspiracy charge carries with it more potential harm to the defendant on trial [i.e. more potential harm than a guilty plea to a substantive count] because the crime by definition requires the participation of another. The jury could not fail to appreciate the significance of this." *Id.* (citing *United States v. Gullo*, 502 F.2d 759, 761 (3d Cir.1974).

As *United States v. Toner, supra,* highlighted, the danger of unfair prejudice when admitting the guilty plea of a co-defendant is more acute if the charge in question is conspiracy because a conspiracy requires an agreement between two or more individuals. *See, e.g., United States v. Davis*, 183 F.3d 231, 244 (3d Cir.1999) ("A conspiracy requires agreement between at least two people to the illegal object of the conspiracy, though other participants need not be indicted.") (citing *United States v. Delpit*, 94 F.3d 1134, 1150 (8th Cir.1996); *United States v. Krasovich*, 819 F.2d 253, 255 (9th Cir.1987)). If two defendants allegedly conspired, and one defendant has been convicted or has pleaded guilty, the clear implication is that the other defendant is also guilty.

**The United States' emphasis on the Court's approval of Greene's conspiracy conviction was introduced as evidence of that Pezzola was Greene's coconspirator.**

The record, taken as a whole, shows that the government offered Matthew Greene's guilty plea as evidence of Pezzola's guilt. Greene testified that he traveled to the events on January 6 with Pezzola, stood and marched with Pezzola, and accompanied Pezzola during the most significant portions of the day's events. There can be no other reason for introducing evidence of the Court's

approval of the conspiracy guilty plea. The fact that it "takes two to tango" in a conspiracy could not have escaped the jury's attention. *United States v. Gullo*, 502 F.2d 759, 761 (3d Cir.1974). Thus from the outset the jurors are aware that Greene already had pleaded guilty to conspiring with Pezzola to obstruct official proceedings of Congress.

Evidence of this Court's endorsement of the government's conspiracy theory and allegations undermines the basic right of Pezzola to have his guilt determined upon the evidence against him, not on whether a co-offender pleaded guilty to the same charge. See *United States v. Fleetwood*, 528 F.2d 528, 532 (5th Cir.1976).

Prejudice from the government's conduct in this case is so severe that no limiting instruction can cure it. *See United States v. Thomas*, 998 F.2d 1202, 1206 (1993) "In the absence of a proper purpose for the admission of the guilty pleas, the curative instructions of the district court were not sufficient to remove the prejudice to [a defendant] presented by the evidence of his co-conspirators' [sic] guilty pleas." The probative value is vastly outweighed by the unfair prejudice attached to Greene's guilty plea.

It is beyond dispute that when an alleged co-conspirator's guilty plea is admitted into evidence, even if the trial court has given a proper cautionary instruction to the jury, the prejudice to the defendant may be serious enough to constitute reversible error. *See United States v. Thomas*, 998 F.2d 1202, 1206 (3d Cir.1993) ("In the absence of a proper purpose for the admission of the guilty pleas, the curative instructions of the district court were not sufficient to remove the prejudice to Thomas presented by the evidence of his co-conspirators' guilty pleas.").

The probative value of Greene's guilty plea is negligible. On the flip side, the damage caused by unfair prejudice associated with Greene's guilty pleas is significant. If Judge Kelly's imprimatur of authority is believed, it is difficult not to conclude that Pezzola, Nordean, Biggs, Rehl and Tarrio

committed the conspiracy as well. As the Third Circuit noted in *Toner*, "[a] defendant ha[s] a right to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else." *Toner*, 173 F.2d at 142. Clearly, this significant unfair prejudice substantially outweighed the minimal probative value of Greene's guilty plea. Moreover, the guilty pleas were not a necessary part of the "coherent narrative" of the case, a factor that would normally militate in favor of the government's position. *Old Chief v. United States*, 519 U.S. 172, 192 (1997). *United States v. Toner*'s general rule makes clear that co-conspirators' guilty pleas are normally inadmissible, *see* 173 F.2d 140, 142 (3d Cir.1949).

**A mere limiting instruction is not sufficient to counter the extreme prejudice in this case.**

Generally speaking, "a cautionary instruction directing the jury not to consider a guilty plea as substantive evidence of guilt will sufficiently cure any potential for prejudice to the defendant on trial." *United States v. Carrazana*, 921 F.2d 1557, 1568 (11th Cir. 1991). It is presumed that the jury follows the instructions given by the district court. *United States v. Almanzar*, 634 F.3d 1214, 1222 (11th Cir. 2011). The Eleventh Circuit has "emphasized that cautionary instructions by the trial court are both essential and effective in avoiding prejudice where the fact of a coconspirator's guilty plea is brought out at a trial before a jury." *United States v. King*, 505 F.2d 602, 607 (5th Cir. 1974).

But here, the prejudice was compounded by the prosecution's emphasis on the fact that the presiding judge had already approved the government's conspiracy theory and has ruled that such a conspiracy exists. This was formerly among the most contested elements in this case.

"The naive assumption that prejudicial effects can be overcome by instructions to the jury all practicing lawyers know to be unmitigated fiction." *Krulewitch v. United States*, 336 U.S. 440, 453 (1949) (Jackson, J., concurring). *See also United States v. Miranda*, 593 F.2d 590, 595–96 (5th Cir.1979)

(doubtful that any curative instruction could have erased prejudice from the minds of jurors resulting from improperly used guilty plea of co-conspirator).

The prosecution's emphasis on Judge Kelly's approval of Greene's conspiracy conviction served no purpose other than to communicate to the jury that Judge Kelly has found a conspiracy to exist. It is improper for the government to bolster its witness's testimony. *United States v. Sosa*, 777 F.3d 1279, 1295 (11th Cir. 2015). Bolstering occurs when the government "vouch[es] for that witness's credibility." *Id.* (quoting *United States v. Bernal-Benitez*, 594 F.3d 1303, 1313 (11th Cir. 2010) ). The government cannot "plac[e] the prestige of the government behind the witness" nor can it "indicat[e] that information not before the jury supports the witness's credibility." *Id.*

## Mistrial is the appropriate remedy.

A declaration of mistrial is appropriate when there is a "high degree" of necessity. *Arizona v. Washington*, 434 U.S. 497, 506 (1978), or when "an event during trial has a real likelihood of preventing a jury from evaluating the evidence fairly and accurately, so that the defendant has been deprived of a fair trial." *United States v. Powell*, 652 F.3d 702, 709 (7th Cir.2011) (quoting *United States v. Tanner*, 628 F.3d 890, 898 (7th Cir.2010)).

In this case, mistrial and retrial by a new jury is the only appropriate remedy. The current jury has already been informed that the most important and contentious issues in the trial—the question of whether defendants were in a criminal conspiracy to obstruct official proceedings on January 6—have already been determined by the presiding judge. Current jurors are aware that finding guilt regarding defendants on the conspiracy counts is what the sitting judge expects and approves.

CONCLUSION

The foundation of justice is the right of every defendant to stand or fall with the proof of the charge made against him, not against somebody else. The defendant had a right to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else. In this case, the government's introduction of Matthew Greene's guilty plea and the trial court's acceptance of the very charges in this case has so poisoned this trial that only a declaration of mistrial will cure this error.

Dated: January 29th 2023

Respectfully Submitted,

*/s/ Roger I Roots, esq.*

Roger I. Roots

Partner-John Pierce Law

21550 Oxnard Street

3rd Floor PMB #172

Woodland Hills, CA 91367

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 29, 2023, this reply was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

                                                  */s/ Roger I. Roots*
                                                  Roger I. Roots