IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DOMINIC PEZZOLA,<br><br>*Defendant.* | No. 1:21-cr-175 (TJK) |

**DEFENDANT PEZZOLA'S MOTION FOR MISTRIAL AND OBJECTION AND MOTION TO STRIKE EXHIBIT 528-1 (AND ASSOCIATED EVIDENCE) ON GROUNDS OF OUTRAGEOUS GOVERNMENT MISCONDUCT**
(Request for Evidentiary Hearing)

Defendant Dominic Pezzola, by his undersigned counsel, respectfully demands a declaration of mistrial, or in the alternative objects and requests that this Court strike Government's Exhibit 528-1 (and associated evidence) on grounds of outrageous government conduct.

It appears that the government itself is the author of the most incriminating and damning document in this case, which was mysteriously sent at government request to Proud Boy leader Enrique Tarrio immediately prior to January 6 in order to frame or implicate Tarrio in a government-created scheme to storm buildings around the Capitol. As such, Exhibit 528-1 and the government's efforts to frame or smear defendants with it, constitutes outrageous government conduct.

**BACKGROUND**

Defendants in this case are charged with very serious felony charges, including seditious conspiracy, conspiracy to obstruct official proceedings, obstruction of official proceedings, and conspiracy to prevent federal officers from performing official duties. These charges stem from the events of January 6, 2021, when thousands of Americans demonstrated at the U.S. Capitol to protest real and perceived improprieties in the November 2020 presidential election.

Federal prosecutors have accused defendants of plotting to "storm" the Capitol prior to Jan. 6 and stop the lawful transfer of the presidency. But for their part, prosecutors have produced very little evidence of such a scheme except circumstantial evidence showing some defendants breached the Capitol at various times on Jan. 6 and participated in lots of Parler and Telegram group chats *about other things* leading up to the events.

Now in the fourth week of trial, the United States has called FBI Special Agent Peter Dubrowski to the witness stand, who spent all day on February 9 showing the jury various Proud Boy Telegram chats. Many of the Telegram chats and statements (1) are not the creations of the defendants, (2) merely show that defendants are prone to edgy, off-colored talk and exaggeration, and (3) are taken quite out of context. For example, a prominent theme amongst this government evidence is that Proud Boy leadership discussed and planned for physical confrontations with *private* street rivals such as Antifa; yet the government is presenting this same evidence as supposed evidence that defendants planned a violent insurrection against government officials prior to and during January 6.

During the afternoon session of trial on Thursday, February 9, federal prosecutors used Special Agent Dubrowski to introduce Telegram exchanges between defendant Enrique Tarrio and an erstwhile romantic interest ('Erica'). At one point around December 29, 2020 (just prior to Jan. 6), Erica sent Tarrio a Telegram message with an attachment entitled "1776 Returns." The attachment was a PDF file describing plans to "Storm the Winter Palace" — a reference to the Russian Revolution of 1917.

During Special Agent Dubrowski's chilling testimony, Assistant U.S. Attorney Conor Mulroe took lengths to emphasize segments of the document describing a plan to lay siege to Capitol Hill by strategically occupying most of the congressional office space around the Capitol. Jurors were informed of this written plan to "fill buildings" "with patriots"—*and were left to think it was a plan of Tarrio's or codefendants.*

It is significant that the government has produced no other explicit writings among the defendants evidencing any pre-January-6 plot to take over the Capitol or its grounds or to "fill buildings with patriots."  Thus, this mysterious document is <u>the most damning writing</u> in the government's entire case.  Yet (1) there is no suggestion, evidence or information that Proud Boy leader Tarrio even opened or read the document.  Nor (2) is there any supporting indication that Tarrio agreed with the document's strategy or (3) shared the document by passing it along.

Yet the government was allowed to suggest to the jury that Tarrio or other defendants authored, subscribed, ratified or approved the plan described in "1776 Returns."

## NEW INFORMATION REVEALS THE "1776 RETURNS" PLANS WERE AUTHORED BY THE GOVERNMENT ITSELF

A week after this Court ruled on December 14, 2022 that the document in question is admissible, the House Select Committee on January 6 released a trove of transcripts and interviews.  These materials were not known to defendants or the Court at the time of the Court's ruling.  Among the January 6 Committee's mass of information was an interview conducted by the Committee of a member of the U.S. Intelligence community named Samuel Armes.  <u>Politico</u> ran a story about the Armes interview on December 27.  [https://www.politico.com/news/2022/12/27/jan-6-committee-interview-sheds-light-on-origins-of-proud-boys-1776-returns-document-00075637](https://www.politico.com/news/2022/12/27/jan-6-committee-interview-sheds-light-on-origins-of-proud-boys-1776-returns-document-00075637)  (accessed 2/9/2023).

"Armes, a former <u>State Department and Special Operations official</u>, said he recognized components of the document as ideas he had composed as part of a "war gaming" exercise he did in August or September of 2020 (emphasis added). Armes "co-founded a Florida-based cryptocurrency LLC — Government Blockchain Systems"  "Armes said that in college he had been <u>groomed to join the CIA and FBI</u> before his stint in the State Department and special operations. . . . In his studies, he often participated in "war gaming" scenarios, skills he used during his stint in government."

Armes told the panel that in August or September 2020, after observing riots that took place across the country — against the backdrop of the raging Covid pandemic — he jotted down some thoughts on potential worst-case scenarios for the transfer of power. His views, he said, were partially informed by the August release of the Transition Integrity Project,[1] a similar "war gaming" exercise conducted by 100 campaign and government experts to envision potential threats to the transfer of power.

According to testimony before the Jan. 6 Committee, the "1776 Returns" document, with certain alterations, was then "shared" with "an interested friend, Erika Flores, an ally from the cryptocurrency world," who in turn, sent the document to Tarrio.

### These revelations from the Select Committee demand an evidentiary hearing in this Court.

Again, this is information that was not known by this Court when the Court rendered its ruling rendering the document admissible back in mid-December. The fact that the document was authored by the intelligence community is a bombshell by itself. But there is additional new information which makes these revelations even more significant.

According to the Politico article, Ms. Flores also gave an interview to the Jan. 6 Committee. And Ms. Flores reportedly testified that Armes was the author of *the entirety of* "1776 Returns" and that this FBI and CIA member or associate **asked her to share it with Tarrio**.

If true, this means that the most damning document in this trial was authored by the intelligence community—someone "groomed" by the FBI itself. And this CIA and FBI asset *requested* Tarrio's friend to share the document with Tarrio *just prior* to January 6.

---

[1] Note that membership of the "Transition Integrity Project"—formed in June of 2020 (!) by over 100 current and former senior government, campaign, and academic leaders (according to Wikipedia) "out of concern that the Trump Administration may seek to manipulate, ignore, undermine or disrupt the 2020 presidential election and transition process"—included a who's-who roster of publicly notable deep state neocon establishment and intelligence community hawks and spokesmen, including Professor and former Pentagon senior official Rosa Brooks, former White House Chief of Staff John Podesta, William Kristol, Max Boot and David Frum.

This is either entrapment or outrageous government conduct, or both.  Equally improper, it is a Brady violation because the Department of Justice must surely have known these revelations before putting Special Agent Dubrowski on the stand on February 9 to introduce this evidence.

Outrageous government conduct is conduct "so outrageous that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction." *United States v. Russell*, 411 U.S. 423, 431-32 (1973).  Here the government's conduct plainly brings into question the fundamental fairness of this trial and shocks the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment." Id. at 432 (quoting *Kinsella v. United States ex rel. Singleton*, 361 U.S. 234, 246 (1960)).

It runs counter to "the decencies of civilized conduct" for the government to literally plant the most damning document in its case in the very inbox of a defendant. See *Rochin v. People of California*, 342 U.S. 165, 211 (1952) (Black, J., concurring).  The government should not be allowed to utilize the evidentiary fruits of [its] actions" Jerold H. Israel, Free-standing Due Process and Criminal Procedure: Supreme Court's Search for Interpretive Guidelines, 45 ST. LOUIS U. L.J 303, 353 n.2 (2001).

## CONCLUSION

For these reasons, Pezzola requests that the Court hold an immediate evidentiary hearing in which the principle participants and authors involved in planting "1776 Returns" into Mr. Tarrio's inbox are brought in to testify. Ultimately, if the information laid out here is true, this seems to require mistrial and dismissal of this entire case, with prejudice. At a bare minimum, these new revelations require that all evidence relating to this document be stricken from the record and that the jury be given a stern instruction.

Dated February 10th, 2023                                             RESPECTFULLY SUBMITTED,

*/s/ Roger I. Roots, esq.*
Roger I. Roots, esq.
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA 91367
Counsel for Dominic Pezzola

CERTIFICATE OF SERVICE

I, Roger Roots, hereby certify and attest that on Feb. 10, 2023 I uploaded and filed this document in this Court's electronic ECMF filing system, thereby serving each counsel of record in this case with a true and accurate copy.

<u>/s/ Roger Roots</u>