IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*v.*<br><br>DOMINIC PEZZOLA,<br><br>*Defendant*. | No. 1:21-cr-175 (TJK) |

# PEZZOLA'S MOTION FOR ORDER OF SERVICE BY PUBLICATION OF WITNESS SUBPOENA

## WITH INCLUDED MEMORANDUM OF LAW

Defendant Dominic Pezzola, by and through his undersigned counsel, Roger Roots, Esq., hereby respectfully moves the Court to authorize service of a *subpoena ad testificandum* for the testimony of Ray Epps by publication.

Ray Epps was an attendee at the demonstrations in and around the U.S. Capitol national park on January 6, 2021, and of rallies on January 5, 2021, in the city of Washington, D.C.

Video recordings introduced previously in the trial show Ray Epps interacting with Dominic Pezzola (and Ryan Samsel and many others) on the Capitol grounds on January 6, 2021. Upon information and belief, Epps was playing a role of instigator, urging Pezzola, Samsel and many others to push forward and get closer to the Capitol. In some cases, Epps was telling demonstrators that "reinforcements were on the way" from some undisclosed source, upon information and belief from several sources.

It has recently surfaced in *another* J6 case, the case of William Pope before Judge Contreras, that at least three undercover agents secretly representing DC Metro Police were also

1

acting similarly to Epps: going through the crowd on January 6 to instigate and stoke the crowd into storming the Capitol.

It is significant that the government appears to be protecting Epps.  Epps has never been indicted or arrested for his activities on January 5 and 6.  This is despite the fact that Epps is <u>the only</u> Jan. 6 demonstrator who *publicly* (multiple times, actually) urged protestors <u>on video</u> to enter the Capitol on Jan. 6.  Epps played a direct role in instigating the first breach on the west side.  Ray Epps is seen on video recordings all over the West plaza and grounds of the U.S. Capitol and often within a short distance from Dominic Pezzola on Jan. 6.

**Ray Epps has been dodging service.**

Therefore, Defendant Pezzola, by counsel, hired a professional process server company with process servers in Arizona to serve a witness subpoena upon Ray Epps to appear and testify in this trial.  The company based in the State of Washington, ABC Legal Services, sent a professional process server to Ray Epps' last known address.  Ray Epps' official address and residence are on the subpoena issued by the Clerk of Court but Defendant sees no reason to publish it openly here, even though it is not a secret.  Ray Epps is the owner of a ranch or farm – apparently a non-working ranch or farm (meaning not operating as a ranch or farm even if actively used in other businesses) – near Phoenix, Arizona.  The location is openly and publicly announced in advertising as a venue for weddings or wedding receptions and/or other events, and therefore publicly announced by Ray Epps' own actions through public advertising.  It appears that the town in question straddles both Pinal County, Arizona, and Maricopa County, Arizona.

In gushing news coverage heaping praise on Ray Epps, replete with clearly false information,[1] Ray Epps was depicted by *New York Times* as having sold his ranch, purchased a Recreational Vehicle, and taken up a wandering transient life, possibly to evade service of process.

Our process servers have doggedly tracked leads and concluded that there is no information about any other contact addresses for Epps – even such as a mail box or UPS Store or intermediary. Our process servers assert that Ray Epps is ensconced in his last known address, hundreds of feet away from public roadways, behind a locked gate.

All known public records, including deed records, suggest that Epps has not relocated and that news coverage suggesting otherwise is inaccurate. ABC Legal Services made multiple attempts to serve Ray Epps at his last known address and his announced abode. The witness subpoena was "posted and mailed" as apparently valid service under Arizona Rules of Civil Procedure Rules 4.

The process server noted no activity or cars at the location at the times that he happened to attempt service. However, on his third attempt, he noted that someone had just added a padlock to the gate since his second attempt. Thus, Ray Epps was in fact home at that location or else he came home in between the process server's visits and reacted to the attempted service by adding an external padlock to the gate.

---

[1] As is typical, the New York Times offers the breathless news that new information undercuts theories of Ray Epps clearly-confirmed role in organizing the so-called "riots" at the U.S. Capitol, despite being caught on camera doing so. The newly discovered "evidence" consists exclusively of Ray Epps declaring that he did not do it. The embarrassing New York Times article expects us to credit Ray Epps' own self-serving denial as conclusive proof. See Alan Feuer, "***New Evidence Undercuts Jan. 6 Instigator Conspiracy Theory,***" New York Times, May 5, 2022 (updated October 13, 2022), https://www.nytimes.com/2022/05/05/us/jan-6-ray-epps-evidence.html

The ranch has not been sold because there were no new owners observed, who would have no reason to evade the process server, but would naturally come out to ask what was going on.  In addition to the lack of a deed transferring the ranch, there is a lack of any new owners in evidence.  The timeline floated by an adoring news media would require that any such sale was completed 6 to 18 months ago, but no evidence has been found of any such sale.  It is certainly not conspicuous.

Thus, Ray Epps has been served by posting and mailing at his last known address.  Meanwhile, Pezzola, by counsel, has also sent a request via email to Ray Epps' attorney, Mr. Michael Justin Teter, Esq., Teter Legal, LLC, 1953 S 1100 East #522365, Salt Lake City, Utah 84152.  Phone:  (866) 744-2644.  Email: mteter@teterlegal.com.

Ray Epps, by his counsel Michael Justin Teter, recently in just the last two weeks issued a demand letter – of the type customarily and usually sent preceding the filing of litigation – that Tucker Carlson of Fox News must retract by March 31, 2023, Mr. Carlson's on-air reporting (playing on air) the video recordings showing Ray Epps organizing and inciting demonstrators to go into the U.S. Capitol on January 6, 2021, saying on video people should do so because "that's where our problem is" suggesting that he intended and openly tried to induce the crowds to disrupt Congressional proceedings inside the U.S. Capitol, and even declaring on video to crowds that "I am probably going to be arrested for saying this" to which the crowd yells back "*THEN DON'T SAY IT!*"

Thus Mr. Teter is a current, active legal representative of Mr. Epps and Mr. Epps has publicly – hiring a public relations firm – announced his desire to **set the record straight** as the phrase goes on these very topics.  Thus, there is awareness of these issues and these cases and of Ray Epps' relevance as a witness.

4

Tucker Carlson (as have others before him) played these video recordings of Ray Epps doing what these Defendants are accused of and accurately reporting that Ray Epps has not been arrested or charged for actually doing what these Defendants now at bar are falsely accused of.

A public relations firm mass distributed Michael Teter's letter to Tucker Carlson, but did not include any contact information for Michael Teter.  Therefore, Pezzola's legal team spent considerable time and effort locating Michael Teter's new law office through the Utah State Bar.  Pezzola, by counsel, sent the Ray Epps witness subpoena to Ray Epps' attorney Michael Teter.

Michael Teter is one of the leaders of the "65 Project" which openly declares that its mission and activities are to professionally attack and disbar conservative attorneys.  Michael Teter is listed on the 65 Project's leadership on its website.  However, Pezzola's counsel did not want to assume that he would receive communications on a pending case through the 65 Project or that the information was current and went the extra mile to track down Michael Teter's current official contact information.  Despite setting today as a deadline for Tucker Carlson to respond to Michael Teter – *though curiously without providing a place where Mr. Carlson could respond* – Teter has not answered Pezzola's counsel.  Professional duties in Utah would of course require Mr. Teter to maintain current and accurate contact information with the Utah State Bar.

Nevertheless, Ray Epps received notice of the witness subpoena through his own chosen attorney who is now working actively on Ray Epps' involvement in January 6 issues.

**And it matters**.  The main crimes charged against Defendant Dominic Pezzola and the other Defendants is in inciting and planning and organizing an attack on the U.S. Capitol and to do so to disrupt Congress.  <u>So, Ray Epps doing what these Defendants are accused of is mutually exclusive and incompatible with these Defendants' guilt</u>.

Unlike, the crime of trespassing on the national park presumptively open to the public that is the U.S. Capitol Grounds, such that many people could be simultaneously guilty – if there were signs still intact and showing giving notice – the main charges here are not susceptible of guilt by multiple people or groups.  The fact that Ray Epps is caught on camera doing what these Defendants are accused of doing is an actual contradiction of the charges against these Defendants.

Whereas, there remains no evidence whatsoever – despite lots of feelings and frustrated talk among the Defendants – that these Defendants planned or plotted anything, every witness has denied that there was any plan.

These Defendants are charged with attempting to overthrow the U.S. Government armed only with radios and goggles, although in fact the prosecution has proven nothing of the sort, only that they were frustrated and mad like a lot of other people.

The Government has invented a new "tools" theory that is novel and eminently appealable, suggesting that people can be essentially members of a conspiracy without knowing about it.  These issues will keep the Court of Appeals busy for years.  But whereas the Government accuses these Defendants of inciting "tools" (a very disrespectful term, which is not the undersigned counsel's term) to attack the Capitol with no evidence of that whatsoever, we have Ray Epps on video recordings doing exactly what the Government accuses these Defendants of doing.

And it cannot be both because (1) criminal prosecutions are based on actual evidence not on over-active imaginations, and (2) the issue is of being an organizer, not a participant.  Many people could be and were participants in both peaceful and sometimes unruly crowds at different

places and different times.  But the issue here is who was an organizer, a plotter, a conspirator.  The only evidence of that (and we go by evidence not by speculation or conjecture) is Ray Epps.

If for no other reason, Pezzola is entitled to Ray Epps' testimony as to why was he doing what we see captured on video Ray Epps doing?  Was there something else going on here?

Every witness has denied that there was ever any plan for any of these Defendants to "attack" or "storm" the Capitol or to disrupt Congress during the Joint Session of Congress for the presiding officer to count the Electoral College votes.

If, as expected, Ray Epps – the only person known to be inciting people to go inside the U.S. Capitol and disrupt Congress – similarly testifies that he knows of no involvement by the Proud Boys in any of this, Defendants would be entitled to this exculpatory evidence being presented before the jury.

To overcome the holes in the prosecution's case, as always in unique January 6 Jurisprudence, the Government has tried to offer "maybes" where proof beyond a reasonable doubt is required.  Perhaps the total lack of any witness claiming that there was ever any plan or conspiracy as alleged is because the witness didn't know about the plan.  But that's not how criminal law works.  At least it wasn't until political motives corrupted the criminal law.  The Government cannot patch over its lack of evidence with "well, maybe the witnesses just didn't know about the conspiracy and the plans."  The Government must prove individual guilt by each individual Defendant beyond a reasonable doubt, not the mere possibility by conjecture that there could have been an unseen conspiracy that nobody knew about.

There is one person who knew about the plan, whatever it was:  Ray Epps.  We have his actions caught on video showing that.

Was Ray Epps part of a conspiracy with [pick a name or agency]? Does it matter? Pezzola is entitled to his testimony regardless. Under no circumstances is Ray Epps not a key witness. Maybe Ray Epps thought up his plan all by himself. That doesn't matter. He is still a key witness of the events happening nearby Dominic Pezzola. (However, the fact that the power-happy Department of Justice has somehow lost its appetite for prosecuting people only when it comes to one person, Ray Epps, is impossible to reconcile. But that changes nothing about Pezzola's right to call Epps as a witness.)

Did it have anything to do with the Proud Boys? In any normal civil or criminal case, on any topic, no matter what it was about or who was involved, a typical lawyer would ask: Who else did you talk to about this? Why were you doing this? Was it your idea? Or someone else's idea? Tell me everyone that you know of who was involved in this?

As it turns out, the strange theory of the "tools" (again, not undersigned counsel's term) actually applies to the Proud Boy Defendants here being the fall guys for someone. Before they spend decades perhaps in jail they are entitled to testimony about for whom they are fall guys.

This Court is authorized to order service by publication:

> Here, the district court authorized the plaintiffs to serve bin Laden and al Qaeda by publication. The court observed that their "address is not known, nor is it easily ascertainable," August 1999 Order at 3, and that bin Laden had published at least one fatwa in Al-Quds Al-Arabi, id. at 4. It concluded that publication was "reasonably calculated to apprise [bin Laden and al Qaeda] of the lawsuit and afford them an opportunity to present their objections." Id. In Mullane v. Central Hanover Bank & Trust Co., the Supreme Court sanctioned service by publication "where it is not reasonably possible or practicable to give more adequate warning," holding that, "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." 339 U.S. 306, 317, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

*Mwani v. Bin Laden,* 417 F.3d 1, 368 U.S.App. D.C. 1 (D.C. Cir. 2005)

The requirements for service by publication, however, are that the party seeking service of a subpoena must have made diligent efforts to serve the witness (or often a defendant) by traditional means. And the proponent must identify exactly how the proponent intends to effect service by publication. Here, notice to Ray Epps' current, active attorney on this same topic should be adequate with the Court's approval. But Pezzola will publish notice in the Phoenix Arizona newspapers and in the newspapers specified in the statute.

**CONCLUSION**

Dominic Pezzola requests that the Court authorize service of the witness subpoena by publication as alternative means, and

that the Court consider that Ray Epps has already been notified through his attorney, a current attorney active on the same topic and engaged by Ray Epps to allow Ray Epps to set the record straight from his point of view on these matters, and

the Court authorize by order service of the subpoena on the published address of Ray Epps' attorney whether or not the attorney professes to be authorized to accept service, and

Dominic Pezzola publish a notice in the nearby Arizona Republic in the Local Phoenix news and legal sections.

Dated: March 31, 2023           RESPECTFULLY SUBMITTED

                                /s/ Roger Roots

                                Roger Roots, Esq.
                                John Pierce Law
                                21550 Oxnard Street

9

3rd Floor, PMB #172  
Woodland Hills, CA 91367  
Tel: (213) 400-0725  
rroots@johnpiercelaw.com  
jpierce@johnpiercelaw.com  
    Attorney for Defendant

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document is being filed on this March 31, 2023, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system. All attorneys of record will receive an electronic copy, including:

Erik Michael Kenerson  
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA  
555 Fourth Street, NW, Suite 11-449  
Washington, DC 20530  
Telephone: (202) 252-7201  
Email: erik.kenerson@usdoj.gov

/s/ Roger Roots

10