U.S. District Court

District of Columbia

UNITED STATES

v.                          1:21-cr-00175-TJK

NORDEAN et al

<u>DEFENDANT PEZZOLA'S FIRST SET OF PROPOSED JURY INSTRUCTIONS PERTAINING TO COUNTS 1, 3, 5, AND 10</u>

What follows are Pezzola's first set of proposed jury instructions; pertaining to Counts 1, 3, 5, and 10. In some of these proposals, Pezzola has taken the liberty of beginning with certain stock, often-used, or pattern jury instructions and striking through language Pezzola objects to or indicating with red font other language Pezzola proposes:

**Instruction No. 1: Count 1, Seditious Conspiracy**

**18 U.S. Code § 2384**

The defendants are charged with seditious conspiracy under 18 U.S.C § 2384.[1] In order to find a defendant guilty of seditious conspiracy, you must find that the government proved beyond a reasonable doubt each of the following **three** elements:

**First** that the defendant was subject to the jurisdiction of the United States.

---

[1] Note that throughout this trial, the court and parties have unfortunately become accustomed to speaking of 'seditious conspiracy to use force to thwart the peaceful transfer of the presidency' or variations on this theme. The law and constitution actually define this crime much more stringently, as described in footnotes which follow. In summary, there must be force of arms, and such opposition to the transfer of the presidency must be in bad faith, and aimed at toppling the actual constitutional order of the United States.

This means that the defendant was an officer or had sworn loyalty to the United States.

**Second** that the defendant conspired and acted with others to

a) overthrow, put down, or to destroy by force the Government of the United States, or to levy war against the Government of the United States, or

b) oppose by force of arms the authority thereof, or

c) by force of arms to prevent, hinder, or delay the execution of the laws of the United States, or

d) by force of arms to seize possession any state, district, or similar property of the United States.[2]

**Third,** that the defendant acted corruptly and in bad faith, with intent to overthrow not just particular officials but the United States system of government itself.[3]

---

[2] The last clause of the statute ("[conspired to] prevent, hinder, or delay . . . any law . . .") simply cannot constitute Seditious Conspiracy in most applications of facts. See Brandenburg v. Ohio; Richard H. Fallon, Jr., "Constitutionally Forbidden Legislative Intent," 130 *Harv. L. Rev*. 521 (2016)

Seditious conspiracy is the precursor step which precedes outright treason, and treason is well defined in constitutional law. To a great extent, the American constitutional order constitutes a backlash against the "treason" regime that existed under the laws of Great Britain. The Framers of the Constitution were part of a generation of freedom advocates who detested that law of treason. For a century before, the Anglo-American legal world had wrestled with the omnipotent power of government to punish dissent and political rivalry. *See, e.g*., Leonard W. Levy, *The Origins of the Bill of Rights* (1999). For this reason, treason is the only crime that is defined in the pre-Bill-of-Rights Constitution (See ArtIII.S3.C1.1.2 Treason Clause: "Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort. No Person shall be convicted of Treason unless on the testimony of two Witnesses to the same overt Act, or on Confession in open Court.").

Prior to the American Revolution, a person could be convicted and hanged for treason for merely imagining the death of the king. And several famous British dissidents were actually hanged for their writings which imagined the death of the king. American founding fathers Patrick Henry and James Madison founded a Virginia college named Hamden Sidney College in part named for Algernon Sidney—a dissident who was hanged for treason in England. Thomas Jefferson displayed a large portrait of Algernon Sidney prominently on the walls of Monticello.

The Framers revered such dissidents in English history and identified themselves as likely victims of treason prosecutions if opposing forces prevailed in American politics. For these reasons the Framers deliberately made treason very difficult to allege and prove.

[3] Properly speaking, the United States is a constitutional republic rather than a kingdom under control of a particular family line, officer, or party of officers. The *People* are sovereign. See *Chisholm v. Georgia* 2 Dallas 419 (1793).

Seditious conspiracy must be a military or military-type conspiracy to actually overturn the American constitutional order.  A plan involving mere physical violence without weapons, or directed at particular politicians or officials is not sufficient.  Nor can mere dissent or advocacy against officials, even if combined with plans for physical hand-to-hand violence directed at such officials, be seditious conspiracy.[4]

**Count 3, Obstructing an Official Proceeding (18 U.S.C. § 1512(c)(2))**

Count 3 of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law. Count 2 also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.

The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following **five** elements beyond a reasonable doubt:

---

Thus, treason or sedition must be aimed at fundamentally overthrowing the American constitutional order.  A defendant's good faith belief that he is acting to uphold or sustain America's constitutional order is a complete defense.

**First,** the defendant attempted to or did obstruct or impede an official proceeding.

**Second,** the defendant individually acted with the intent to obstruct or impede the official proceeding.

**Third**, the defendant knew an official proceeding was occurring and that his actions would likely end, sabotage, or thwart the outcome of the official proceeding.

~~acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.~~

**Fourth**, the defendant acted corruptly.

**Fifth,** the defendant's conduct was not protected speech, expression, advocacy or petitioning for redress of grievances under the First Amendment.

**Definitions**

The term "official proceeding" includes a proceeding before the Congress. The official proceeding ~~need not be pending or about to be instituted at the time of the offense.~~[5] must be pending at the time of the offense. ~~If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.~~

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or

---

[5] The plain language of the statute suggests the official proceeding must be actually pending, existing and occurring. Literally nothing in the statute supports the government's proposed language that the proceeding can be conceptual, future-tense, or past-tense.

accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must knowingly use unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is morally wrong.[6]

To prove that the Defendant acted "corruptly," the Government must prove more than the Defendant knowingly acted unlawfully. Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. And a demonstrator seeking in good faith to inspire officials in a proceeding to open additional proceedings or hearings or to examine or consider some issue or argument is <u>not</u> acting corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly. [7]

---

[6] The addition of the word **morally** is necessary here because a person can innocently do something "wrong" without being corrupt. Consider efforts of abolitionists to stoke slave revolts or harbor fugitive slaves, or efforts of those who harbored Ann Frank, who were obviously doing something "wrong" but who were acting in accordance with their morals and in good faith.

[7]    See *United States v. Aguilar*, 515 U.S. 593, 616 (1995) (Scalia, J., concurring in part) *(emphases added)* for 18 U.S.C. 1503 must apply:

> Finally, respondent posits that the phrase "'corruptly ... endeavors to influence, obstruct, or impede' may be unconstitutionally vague," in that it fails to provide sufficient notice that lying to potential grand jury witnesses in an effort to thwart a grand jury investigation is proscribed. Brief for Respondent 22, n. 13. Statutory language need not be colloquial, however, and the term "corruptly" in criminal

**Attempt**

In Count 3, the defendant is also charged with *attempt* to commit the crime of

---

laws has a longstanding and well-accepted meaning. It denotes **"[a]n act done with an intent to give some advantage inconsistent with official duty and the rights of others** .... It includes bribery but is more comprehensive; because an act may be corruptly done though the advantage to be derived from it be not offered by another." *United States* v. *Ogle,* 613 F.2d 233, 238 (CAlO) (internal quotation marks omitted), cert. denied, 449 U. S. 825 (1980). *See also* Ballentine's Law Dictionary 276 (3d ed. 1969); Black's Law Dictionary 345 (6th ed. 1990). **As the District Court here instructed the jury:**

> "An act is done corruptly if it's done voluntarily and intentionally to bring about either an unlawful result or a lawful result by some unlawful method, with a hope or expectation of either financial gain or other benefit to oneself or a benefit of another person." App. 117.

"Black's Law Dictionary defines 'corruptly' as used in criminal-law statutes as 'indicates a wrongful desire for pecuniary gain or other advantage.' Black's Law Dictionary 371 (8th ed. 2004)." *United States of America vs. Samuel Saldana*, U.S. Court of Appeals for the Fifth Circuit, Case No. 04-50527, Opinion, August 18, 2005 , footnote 7.

*Marinello v. United States*, 138 Ct. 1101, 1114 (2018) is highly instructive:

> The difference between these *mens rea* requirements is significant. While "willfully" requires proof only "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty," *Cheek v. United States,* 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), "corruptly" requires proof that the defendant "act[ed] with an intent to procure an unlawful benefit either for [himself] or for some other person," *United States v. Floyd,* 740 F.3d 22, 31 (C.A.1 2014) (collecting cases); see also Black's Law Dictionary 414 (rev. 4th ed. 1951) ("corruptly" "generally imports a wrongful design to acquire some pecuniary or other advantage"). In other words, "corruptly" requires proof that the defendant not only knew he was obtaining an "unlawful benefit" but that his "objective" or "purpose" was to obtain that unlawful benefit. See 21 Am.Jur.2d, Criminal Law § 114 (2016) (explaining that specific intent requires both knowledge and purpose).

obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding. In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

**First**, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

**Second,** that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime. With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it.

You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to prove that the defendant did

everything except the last act necessary to complete the crime.

**Aiding and Abetting**

In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count 2. A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. ~~It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.~~

In order to find the defendant guilty of obstruction of an official proceeding because he

aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

**First,** that others committed obstruction of an official proceeding by committing each of

the elements of the offense charged, as I have explained above.

**Second**, that the defendant knew that obstruction of an official proceeding was going to be

committed or was being committed by others.

**Third**, that the defendant performed an act or acts in furtherance of the offense.

**Fourth**, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

**Fifth,** that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

~~To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.[8] In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances.[9]~~

---

[8] This proposed language wrongly suggests that someone can aid and abet by "encouraging." This implicates First Amendment protected advocacy. This proposed language further suggests that someone may be convicted of aiding and abetting even in the absence of every element of the offense being proffered. For example, this language suggests that if someone "acts" in a way to aid and abet an assault he may be convicted of murder, even if no murder was convicted by the principals.

[9] This proposed language gives a false impression that protected speech or advocacy may subject someone to

~~However,~~ Evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

## Count 5

## 18 U.S.C. §231(a)(3), (2)

### Civil Disorder and Aiding and Abetting

Count 5 of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law. The Court will first explain the

---

criminal punishment for his words.

elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant committed or attempted to commit the offense. Elements In order to find the defendant guilty of obstructing officers during a civil disorder, you must find the following four elements beyond a reasonable doubt:

**First,** the defendant knowingly committed an act or attempted to commit an act.

**Second**, in committing or attempting to commit that act, the defendant intended to obstruct, impede, or interfere with one or more law enforcement officers.

**Third**, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

**Fourth**, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.  The defendant cannot be convicted for effects on commerce caused by government enforcement or regulation, but only for the effects he actually personally caused.

**Fifth,** the defendant's conduct was not protected expression, speech, political advocacy, or petitioning for redress of grievances under the First Amendment.

**Definitions**

A person acts "knowingly" if he realizes what he is doing and is aware of the

nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce (A) between any State ~~or the District of Columbia~~ and any place outside thereof; or (B) between points within any State ~~or the District of Columbia~~, and somewhere outside the state. ~~but through any place outside thereof; or (C) wholly within the District of Columbia.or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.~~ "Commerce" cannot pertain to commerce wholly within the District of Columbia.~~It also means commerce wholly within the District of Columbia.~~

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia, ~~or any person assisting such an officer or employee in the performance of such duties or on account of that assistance~~.

**Attempt**

In Count 5, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder. An attempt to obstruct officers during a civil disorder is a federal crime even if the defendant did not actually complete the crime of obstructing officers during a civil disorder. In order to find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements: **First,** that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above. **Second**, that the defendant took a substantial step toward committing the crime of obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime. With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction during a civil disorder merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond

the stage of thinking about the crime to actually intending to commit it. With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction during a civil disorder merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

## COUNT 10
## ROBBERY
## 18 U.S.C. § 2112

Count 10 accuses Dominic Pezzola of committing robbery of a police riot shield. The government is required to prove **four** elements beyond a reasonable doubt:

**First,** that Pezzola (1) "did take or attempt to take personal property from a person,

**Second**, the personal property belongs to the United States,"

**Third**, that he did so by force and violence, or by intimidation.

**Fourth,** that Pezzola had the specific intent to steal, meaning that he intended to *permanently* deprive the United States of the property.

One who intends merely to borrow, or to return property, does not have intent to steal.[10]

---

[10] *United States v. Ornelas*, 906 F.3d 1138 (9th Cir. 2018)

RESPECTFULLY SUBMITTED,

/s/ Roger Roots, esq.

Co-counsel for Defendant Pezzola

CERTIFICATE OF SERVICE

I hereby certify and attest that on March 22, 2023, I caused this document to be uploaded into this Court's electronic filing system, thereby serving it upon all parties of record.

/s/ Roger Roots