**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-175 (TJK)** |
| | : | |
| **DOMINIC J. PEZZOLA,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S MOTION TO EXECLUDE PROPOSED EXPERT TESTIMONY**

On April 6, 2023, defendant Pezzola filed expert "notice" that proffered Duffy Hoffman as an expert who will testify "regarding national standards for billing and valuation regarding replacement of the window described in Count 7. Mr. Hoffman will testify that under no normal, conventional, or recognized industry standard could the damage to the window described in Count 7 be valued as high as $1,000 or more. Mr. Hoffman will also testify regarding the inadequacy of the invoicing and billing documents provided thus far in this trial." ECF 738 at 1. That is the entirety of the notice the government has received on the substance of Mr. Hoffman's proffered testimony. The proffered notice is both deficient and untimely, and the Court should exclude the testimony.

**LEGAL STANDARD**

"The defendant must, at the government's request, give to the government a written summary of any testimony the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence at trial – (i) if the defendant requests disclosure under subdivision (a)(1)(G) and the government complies." Fed. R. Evid. 16(b)(1)(C).[1] "The requirement that a written summary

[1] Unless otherwise noted, all citations in this pleading are to the version of the Rules that existed prior to December 1, 2022, as the Court has found that the pre-December version of the Rules controls in this case, given that the deadline for expert notice was set prior to the new rules going into effect. 2/7/23 Tr. AM at 7,442. As the government cited at the time, the Supreme Court

of an expert's testimony must be provided is intended to provide more complete pretrial preparation by the requesting party. Most important, a summary of the bases of the expert's opinion must be provided. A failure to comply with these Rules may result in the exclusion of the proffered evidence." *United States v. Naegle*, 468 F. Supp. 2d 175, 176 (D.D.C. 2007), quoting Fed. R. Crim. P. 16 Advisory Committee's Note (cleaned up).

**ARGUMENT**

*I. The Notice Provided is Both Deficient and Untimely.*

The name of Duffy Hoffman was first provided to the United States by email on December 30, 2022, when counsel for Nordean noted an intent to call Mr. Hoffman as a rebuttal expert, dependent "on the government's evidence concerning repair costs related to the Capitol window and black fence." The email provided no notice of any of Mr. Hoffman's opinions or the bases therefor. The government informed counsel for Nordean the following day that the email provided insufficient notice and requested notice that complied with Rule 16. Counsel for Nordean replied that in his view, no notice was required for a "rebuttal" expert. A copy of that email string is attached hereto as Exhibit 1. On January 2, 2023, the government filed a motion to compel expert notice regarding Mr. Hoffman. ECF 621. Nordean filed an opposition on January 16, 2023. ECF 637. That motion remains outstanding.[2]

---

Order implementing the change to the rules stated that the new rule "shall govern in all proceedings in criminal cases thereafter commenced and, *insofar as just and practicable*, all proceedings then pending." Order Dated April 11, 2022, p. 3, available at https://www.supremecourt.gov/orders/courtorders/frcr22_llh2.pdf (last visited April 7, 2023) (emphasis added). It is thus now the law of the case that the pre-December 1, 2022, version of Rule 16 governs these proceedings.

[2] In his opposition, Nordean did not defend the adequacy of the notice under Rule 16. He instead contended that no notice was required because the December 1, 2022, amendments to Rule 16 added the phrase "case-in-chief" to the defendant's disclosure obligations. ECF 637 at 2. Nordean contended that this expert would not be called in his "case-in-chief" Whatever merit that

After the insufficient notice regarding Mr. Hoffman provided by Nordean on December 29, 2022, the government received no further correspondence from any defendant regarding Mr. Hoffman until March 24, 2023, when Mr. Roots notified the government via email, "Pezzola would like to add an additional name to next week. Duffy Hoffman, window preservation expert. Mr. Hoffman has been previously noticed as an expert on historic preservation of windows. He will rebut certain claims made by the witness for the Architect of the Capitol regarding costs of replacing the Capitol's windows." A copy of that email is attached hereto as Exhibit 2. On March 26, 2023, the government notified the defense that it had received no written notice regarding Mr. Hoffman's opinions or the bases therefor.[3] A copy of that email is attached hereto as Exhibit 3.

On March 27, 2023, counsel for Pezzola sent an email that claimed that counsel for Nordean had noticed Mr. Hoffman as an expert in December. The email continued, "Mr. Hoffman's testimony would help rebut the idea that the jury must base their assessment of damage to the window based on the high costs of government contracting relations." Undersigned counsel replied the same day to notify counsel for Pezzola that Mr. Smith did not provide expert notice, nor was the notice provided by Pezzola to that date sufficient. A copy of that email string is attached hereto as Exhibit 4.

argument may have had on January 16, 2023—which the government suggests is little—it has since been foreclosed by this Court's decision that the pre-December 1 version of Rule 16 governs this case. *See* 2/7/23 Tr. AM at 7,442. That version requires notice be provided for any expert the defendant intends to use *at trial*, and does not limit the disclosure to the case-in-chief. Thus, under the rules governing this case, even if Nordean were correct about the new language, the defendants were required in this case to provide notice of any experts they intended to call at trial.

[3] The email also included reference to proffered use-of-force expert Steven Hill. Following that conversation, undersigned spoke to Steve Metcalf, who agreed to narrow the export notice regarding Mr. Hill and asked that the counsel hold off on sending the referenced email to chambers. Undersigned counsel agreed. That narrowed notice was later the subject of a dispute teed up for the Court by the parties. No additional notice was provided regarding Mr. Hoffman until April 6, 2023.

On April 6, 2023, defendant filed purported formal expert notice. ECF 738. The notice is deficient on its face—it lists only generalized categories of Mr. Hoffman's proffered testimony, with no explanation of how Mr. Hoffman arrived at his opinions. The D.C. Circuit has found an abuse of discretion when the Court admitted cell-site testimony from a government-sponsored expert witness, where the "only summary provided pre-trial was a series of slides showing the location of cell towers and the cell sector for particular calls without explanation." *United States v. Machado-Erazo*, 47 F.4th 721, 732 (D.C. Cir. 2018). The Circuit went on to note that "[t]he Government's disclosure and statements, then, left both the District Court and the parties to presume what the testimony would be. This, in and of itself, shows that the notice was deficient under Rule 16." *Id.* Defendant's notice here, in addition to being untimely, would have the same effect as that provided by the government in *Machado-Erazo*.

Numerous courts of appeals have upheld District Courts' discretion to exclude expert testimony with the type of generalized, late notice provided here. *See*, *e.g.*, *United States v. Ulbricht*, 858 F.3d 71, 115 (2d Cir. 2017) (upholding exclusion of expert testimony, provided the day before the government was due to rest, that would "dispute" the government's testimony that 700,000 bitcoin were transferred to the defendant's wallet) (abrogated on other grounds by *Carpenter v. United States*, 138 S. Ct. 2206 (2018); *United States v. Hoffecker*, 530 F.3d 137, 184-88 (3d Cir. 2008) (upholding exclusion of notice as both untimely and deficient, where trial court found, "[c]onspicuously omitted from their notices ... are the opinions and basis and reasons for the opinions of [the] three proposed experts. Merely the subjects of what they may discuss is offered").

The government is prejudiced here by both the untimeliness and the deficiency of the notice. Pezzola argues in his notice, "The prosecution has had full opportunity to research Duffy

Hoffman and prepare to examine Mr. Hoffman." ECF 738 at 2. This is untrue. Although the government has had Mr. Hoffman's name and a publication he authored since December 2020, it was not provided a *curriculum vitae* until Mr. Roots copied and pasted it into the notice he filed on April 6, 2023. As laid out above, it was not provided an opinion of Mr. Hoffman's which it could seek to meet until that date either, and what limited information it was provided gave no information on the bases for Mr. Hoffman's opinion.

Moreover, after the December email from Nordean's counsel, which contained no substantive information about Mr. Hoffman's opinions or the bases therefor, Mr. Hoffman appeared on none of Nordean's witness lists provided after the Court's modified trial procedures order required that information to be provided to the government. At no point prior to March 24, 2023, was the government notified that Mr. Hoffman might be called by a defendant other than Nordean. In the interim, the government had sought to compel adequate notice, and that notice was never provided. The testimony of Mr. Hoffman should be precluded.

*II. Defendant Cannot Credibly Claim Surprise to Excuse Late Notice.*

Pezzola claims that he must call Mr. Hoffman because the government presented testimony in its case in chief. He accuses the government of asking "astounding" questions of Jason McIntyre, the witness who testified from the Architect of the Capitol. At argument on April 6, 2023, he claimed that the government's testimony was "shocking" and that it "misled the jury about how to evaluate the damage to a window." 4/6/23 Tr. PM at 17,575. Pezzola's claim of surprise and outrageous government conduct boils down to a question about whether it is more expensive to replace a window at the Capitol, which was busted out by rioters two weeks before the Presidential inauguration, than it would be to replace a similar window in a residential setting. Pezzola's contentions are absurd on their face and belied by his own actions in this case.

As the Court noted, Mr. McIntyre was simply explaining why the costs might be higher at the Capitol than in a residential setting. 3/1/23 Tr. PM at 11,462. Moreover, the fact that the government would attempt to prove that the value of the window was over $1000 was no secret. If Pezzola wanted Mr. Hoffman's testimony to rebut this point, he had plenty of time to provide notice (timely or not) that complied with Rule 16's requirements. Indeed, Pezzola's claim of surprise is belied by the fact that he provided notice of a different expert in January 2023. Based on the notice provided, that proffered expert—who is a remodeler and roofing/siding contractor—lacks the expertise in historic preservation that Mr. Hoffman claims to have, which may explain Pezzola's desire to switch expert.[4] Pezzola clearly recognized that he wanted to challenge the valuation well before the purportedly "astounding" questioning by the government.

Even if there was surprise, the alleged offending question was asked on direct examination. Pezzola had ample opportunity on cross-examination to explore Mr. McIntyre's argument to the question. The Court will furthermore instruct the jury on how they are to determine value, and Pezzola is free to argue that the jury should reject Mr. McIntyre's valuation based on that instruction and any evidence he or his co-counsel were able to adduce on cross-examination of Mr. McIntyre.

What Mr. Pezzola may not do is fail to comply with the notice requirement of Rule 16, file expert notice on the last day of his own case, and present expert testimony premised on late and

---

[4] That notice was of a completely different character than the notice filed on April 6, 2023, regarding Mr. Hoffman's proposed testimony. The prior expert, per the notice, would have testified as to what amount of money he could have replaced the windows for, based on his years of experience as a contractor. A copy of that notice is attached hereto as Exhibit 5. Mr. Hoffman's notice, by contrast, opines on the purported inadequacy of the "invoicing and billing documents" provided by the government and seems to draw on his experience working with historic buildings. ECF 738 at 1. The prior notice thus would not have provided the government an opportunity to prepare to rebut Mr. Hoffman's proposed testimony.

deficient notice. The Court should grant the government's motion and preclude Mr. Hoffman's testimony.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052
Jocelyn Ballantine
Chief, Complex Conspiracy Unit
Capitol Siege Section

By: */s/ Jason B.A. McCullough*
JASON B.A. MCCULLOUGH
NY Bar No. 4544953
ERIK M. KENERSON, OH Bar No. 82960
NADIA E. MOORE, NY Bar No. 4826566
On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street NW
Washington, D.C. 20530

*/s/ Conor Mulroe*
CONOR MULROE, NY Bar No. 5289640
Trial Attorney
U.S. Department of Justice, Criminal Division
1301 New York Ave. NW, Suite 700
Washington, D.C. 20530
(202) 330-1788
Conor.Mulroe@usdoj.gov