UNITED STATES DISTRICT FOR THE DISTRICT
OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:21-cr-00175-TJK |
| DOMINIC PEZZOLA | ) |
| | ) |
| Defendant | ) |

**DEFENDANT PEZZOLA'S RESPONSE TO UNITED STATES' MOTION TO STRIKE**

COMES NOW Defendant Dominic Pezzola, by undersigned counsel, with this Reply to the United States' recent 86-page response (ECF #833) to Defendants' motion for acquittal and a new trial.

The government offers two (2 grounds for striking Pezzola's Reply: first (1), that Pezzola's reply was overlength; and second (2), that the reply was 'beyond the scope' of Pezzola's original Rule 29 and 33 motion.

Pezzola responds that (1) Pezzola's reply was admittedly overlength (as was the government's 86-page response), and therefore this reply encompasses a request for allowance for the extra pages (with apologies). Second (2), Pezzola's reply <u>was not</u> outside the scope. Moreover, (3), even if Pezzola's reply was outside the scope, Rule 33's allowance for consideration of newly discovered evidence in the "interests of justice" plainly contemplate replies containing additional points of fact which

elucidate points made in the original motion. Accordingly, the government's motion to strike should be denied.

Rule 33 of the Federal Rules of Criminal Procedure permits a federal court to grant a new trial to a criminal defendant if the "interest of justice so requires." One potential basis for ordering a new trial pursuant to Rule 33 is the availability of "newly discovered evidence."

Perhaps never in the annals of federal court litigation has there been a case where the interests of justice are of such a magnitude as this case. Before the ink was even dry on the verdict form, it became clear that there were major improprieties in the jury's consideration of the evidence. Within days, a Politico article reported that the jury had based their guilty verdicts on <u>the absence</u> of evidence rather than evidence. See Kyle Chaney, "Proud Boys juror says group's deleted messages weighed on jury," *Politico*, May 5, 2023 ("But paradoxically, it may have been the absence of key messages that sealed the case for prosecutors"). This, of course turned the burden of proof on its head and cries out for a new trial.

The juror, Andre Mundell, "one of the 12 jurors who decided the four-month trial on Thursday, told Vice News that he was convinced that the Proud Boys leaders — including former national chair Enrique Tarrio — had committed seditious conspiracy in part because of the lengths the group took to hide its activities, deleting key messages." "The Proud Boys didn't want everybody to know the plan, because

then I guess it would have gotten out. And they didn't want it to get out." This plainly qualifies as newly discovered evidence and cries out for vacating the convictions, and the setting of a new trial.

**The government asserts a straw man caricature of Pezzola's original motion and then accuses Pezzola's reply—which was <u>very much inside the scope</u>—of being "outside the scope" of the government's straw man.**

The government ridiculously frames Pezzola's original motion as asserting only "(3) that the government had withheld evidence regarding Landon Copeland's recently declared, factually dubious, and wholly irrelevant alleged association with Antifa." In plain fact, however, Pezzola's motion had stated:

> **"It has recently come to defendant's attention that the government withheld evidence from the defense that would have likely changed the outcome of the trial. The recently-discovered presence of 100 Antifa agitators on January 6 debunks the government's prosecution narrative, which was that the Proud Boys organized all major breaches into the Capitol on January 6. (The United States was holding undisclosed evidence that antifa agitators caused, instigated, or caused some of the very violent episodes which defendants were convicted of causing.)"**

Landon Copeland was *just one* of many mysterious individuals at the Capitol on January 6 who has recently (after the end of Pezzola's trial) admitted being part of an orchestrated violent Antifa organization which did, in fact, commit the very crimes for which Pezzola, Nordean, Rehl, Tarrio, and Biggs were convicted. Pezzola's reply mentioned others (including John

Sullivan—who even texted and posted plans to storm the inside of the Capitol on Jan. 6 in the days before).

Another Antifa activist named Josiah Kenyon has also admitted to being a communist and a Trump hater and told police he went to the US Capitol on January 6 hoping to see Trump supporters killed by police.  Kenyon beat out a window and assaulted police with a table leg with a screw sticking out of the end.

This is newly discovered evidence—revealed after the Proud Boy trial ended—which would have fundamentally altered the outcome of the trial.  Defense counsel could have, and would have, cross-examined government witnesses differently had this information been disclosed.  In effect, prosecutors got away with telling the jury that Pezzola and codefendants had masterminded the violence at the Capitol on January 6, while knowing that the worst troublemakers and violent attackers of officers at the Capitol were not "tools" of the Proud Boys, but had been delivered by 3 antifa busloads.  Many of these antifa activists have now admitted they sought to disrupt Congress in order to frame and set up the defendants to be killed or wrongly targeted.

Well known Antifa-Insurgence leader John Sullivan was arrested in Utah after the US Capitol riots. He was caught on video posing as a Trump supporter during the rioting at the US Capitol on January 6th. Sullivan's brother James recently gave a

Gateway Pundit interview in which he said his brother John Sullivan pre-planned and staged the Capitol attack as an antifa operation.

**Again, this is newly discovered information which undermines the entirety of the prosecution's theory of its case.  And Pezzola's original Rule 33 motion moves the Court for a new trial based on this type of newly discovered evidence.**

And the government's claims that this information was timely disclosed, or that it doesn't undermine Pezzola's conviction, ring hollow.  It has now been reported that Josiah Kenyon was detained by FBI many months ago and admitted to Antifa's role.  This is new information to defendants; but not to the FBI and the U.S. Attorneys office.

Even more startling is the fact that these antifa activists have been lightly sentenced and are now speaking freely.

> What we all found also extremely strange, and this can also be proven by court documents and testimony, is that I believe the recommendation from the prosecutor was something around 110 months. Josiah has a criminal history, as well. But what we found weird, though, is after the statements were released and it became public that he was pro-communism, loosely affiliated with Antifa – The prosecution actually argued and were successful at arguing for less time at his sentencing against their own recommendation.

See Jim Hoft, "Another Violent J6 Prisoner Reveals He is an Antifa Operative and Communist – And He Admitted it to FBI in Debriefing (Audio)" The Gateway Pundit,  https://www.thegatewaypundit.com/2023/06/j6-political-prisoner-barry-ramey-breaks-news-another/

Kenyon, Copeland, Sullivan, Ray Epps, the mysterious window breaker wearing red clothing, and the mysterious broad-shouldered man wearing a 'W' who handed the plastic shield to Pezzola all fit a pattern: they were the most dangerous, violent, and organized activists on January 6. Yet they are are either not identified, not prosecuted, or lightly prosecuted. Copeland received only three years imprisonment; and Kenyon's sentencing exposure was actually decreased when the government discovered he holds communist, rather than pro-Trump, sympathies.

These developments were very much within the scope of Pezzola's original motion; although Rule 33 appears to plainly allow reply pleadings to be outside the scope where new evidence is "in the interests of justice."

## PEZZOLA REQUESTS LEAVE, POST FACTO, TO FILE AN OVERLENGTH REPLY

In the hectic moments of drafting Pezzola's reply, counsel neglected to perform a word or page count. Undersigned counsel was not cognizant of the page limit as the midnight deadline approached. With apologies, Pezzola requests the Court's indulgence in granting leave to file an overlength reply.

## CONCLUSION

ACCORDINGLY, Pezzola requests that the government's motion to strike his recent reply be DENIED.

Dated: August 14, 2023

Respectfully Submitted,

*/s/ Roger I. Roots*
Roger I. Roots
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: RRoots@johnpiercelaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

    I, Roger I. Roots, hereby certify that on this day, August 14, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ Roger I. Roots
Roger I. Roots