IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>            Complainant,<br><br>   v.<br><br>DOMINIC PEZZOLA. | Criminal Case<br><br>No. 1:21-cr-<br><br>00175-TJK-3<br><br><br>Assigned to the Honorable Timothy J. Kelly |

**<u>DOMINIC PEZZOLA'S supplemental Memorandum Regarding Sentencing Disparities Between Jan. 6 Rioters and other Political Rioters</u>**

COMES NOW Defendant Dominic Pezzola with this Supplemental Sentencing Memorandum. The purpose of this Memorandum is to highlight a growing danger in Federal Courts of severe sentencing disparities between January 6 ('pro-Trump') rioters and rioters with other backgrounds or with other orientations.

Section 3553(a)(6) of Title 18 directs a sentencing court to "consider … the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Unfortunately, the Justice

Department seems to be presently prosecuting and imprisoning conservative, "right-wing" and Trump-advocating defendants with extreme zeal which does not match the Department's levels of prosecution against similar defendants with different political orientations.  As the DOJ prosecutes former President Trump in at least two federal jurisdictions, there is a growing danger that the Department is violating the principles of § 3553(a)(6) in its drive to retaliate, destroy, and humiliate all who supported the former President.

**The developing gaping disparities between "left wing" and "right wing" protestors and rioters.**

Federal sentencing laws are concerned with sentence disparities. Unequal treatment of similar offenders based on politics, religion, or race violates the very essence and foundation of respect for the rule of law.  Indeed, the legitimacy of Congress, the federal courts, and the United States government itself depends on the notion that when Congress enacts laws, such laws must be equally applicable.

In the 2-1/2 years following January 6, 2021, the government has treated pro-government ("left wing") rioters—who generally seek more power for government, more censorship of 'disinformation' (as defined by government), more intrusive and expansive bureaucracy, higher taxes, and more government regulations of the environment, public health and commercial enterprise—with a fairly soft touch. But the same federal prosecutors have pursued "right wing"

rioters—who seek limited government, lower taxes, and less regulation—with extreme hostility and prosecutorial vindictiveness.

**To Avoid Severe Sentencing Disparities, the Court should Avoid Sentencing Pezzola to more than Four Years Imprisonment.**

Each year the US Sentencing Commission publishes a Sourcebook filled with tables of data regarding the federal sentences imposed in the previous year. **Table 15** of the 2022 Sourcebook ("SENTENCE IMPOSED BY TYPE OF CRIME") provides the mean and median sentences for various categories of crime.

www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2022/Table15.pdf

Sentences for 18 U.S.C. Sec. 1512 (obstruction of an official proceeding) are not specified, but likely fall under the category of "Administration of Justice." A review of this **Table** shows that, for the most recent year with information, the median sentence for an "administration of justice" crime was 26 months (30 months when considering only those sentenced to imprisonment; not probation).

For those sentenced for "assault," the median sentence was 42 months; or 46 months where probation sentences are removed. **Table 15**'s "assault" data appear to include those convicted of *aggravated* assault with a deadly and dangerous weapon under 18 U.S.C. § 111(b). Pezzola was convicted only of section 111(a)

(assault on an officer—without any weapon). Thus, by any fair analysis, Pezzola should fall substantially below the median sentence for assault. (And remember Pezzola has no criminal history whatsoever.)

For those sentenced in federal courts for "robbery," the median sentence is 96 months. However, it must be recognized that most "robbery" cases which make their way to *federal* courts are <u>armed robberies of federally-protected institutions, such as banks</u>. Pezzola's robbery was a pulling match with an officer in a crowd involving numerous other rioters where Pezzola eventually came up with a plastic riot shield. Pezzola had no weapon and his robbery must—by every test—be regarded as among the mildest "robberies" prosecuted in the federal courts.

Criminologists regard armed robbers as generally among the most recidivistic offenders; and many have lengthy criminal histories. Significantly, **Table 28** of the *Sourcebook* provides "LENGTH OF IMPRISONMENT BY CRIMINAL HISTORY CATEGORY AND TYPE OF CRIME for Fiscal Year 2022." It shows that for offenders in Category 1 (Pezzola's category), the median sentence for robbery (and remember, most of these are <u>armed bank robberies</u>) was 72 months.

Accordingly, Pezzola's sentence for Count 10 should be at the very lowest, bottom, end of the appropriate sentencing range.



**Severe sentencing Disparities between "Left Wing" and "Right Wing" Rioters Have Emerged—Which are Anathema to the Rule of Law and the Legitimacy of the Federal Courts.**

Pezzola's counsel respectfully attaches an exhibit to this memorandum generated by an attorney named F. Clinton Broden in another January 6 case. In the case of fellow Jan. 6 defendant Garrett Miller (before the honorable Judge Nichols), attorney Broden performed an exhaustive review of these disparities between the "right wing" Trump supporters of January 6

In May and June of 2020, the City of Portland was the scene of several political riots. Much of the rioting took place on a city block in Portland occupied by the Hatfield federal courthouse. The Portland antifa protests were followed by nightly criminal activity in the form of vandalism, destruction of property, looting, arson and assault. The Hatfield Courthouse and ICE facility have experienced significant damage to the facade and building fixtures during the last year.

As Garrett Miller's analysis reveals, most of the Portland rioters charged with charges *identical to those faced by January 6 felony defendants including Pezzola* ended up with extremely light prison sentences, probation, or having charges dropped. Pezzola invites the Court to skim and review the sentence outcomes for the "left wing" Portland rioters compared to January 6 rioters.

CONCLUSION

Accordingly, Pezzola asks this Court to sentence Pezzola to a sentence consistent with sentences in other, similar cases of defendants convicted of similar offenses *nationwide*; rather than simply looking at sentences of January 6 defendants.

Dated: Sept. 1, 2023
Respectfully Submitted,
/s/ Roger I. Roots
Roger I. Roots

21550 Oxnard Street 3rd Floor, PMB #172

Woodland Hills, CA 91367 Tel: (213) 400-0725

Email: RRoots@johnpiercelaw.com

Attorney for Defendant

CERTIFICATE OF SERVICE

I, Roger I. Roots, hereby certify that on this day, Sept. 1, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ Roger I. Roots