# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

*v.*

**ZACHARY REHL, DOMINIC PEZZOLA, and JOSEPH BIGGS**

*Defendant*.

No. 1:21-cr-175 (TJK)

### REHL'S PEZZOLA'S AND BIGGS' REPLY TO UNITED STATES MEMORANDUM IN OPPOSITION (#1068) REGARDING MOTION TO DISMISS CASE

COMES NOW defendants Pezzola, Rehl, and Biggs, by undersigned counsel, with the following Reply to the government's recent (#1068) Opposition to Defendants' motion to dismiss.

The United States proposes an order denying the motion "as moot because "the Court does not have jurisdiction by virtue of defendants' pending appeals." (#1068-1). However, the plain language

1

of the President's pardon proclamation of January 20 indicates that this case must be dismissed in its entirety.

The President's proclamation, at Section (b):

> **I further direct the Attorney General to pursue dismissal with prejudice to the government *of all pending indictments* against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021. The Bureau of Prisons shall immediately implement all instructions from the Department of Justice regarding this directive.**

https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/ (emphasis added) (accessed 3/23/2025).

### What is meant by "pending indictment"?

President Trump's phrase "pending indictment" cannot mean just cases in the district court. Indeed the DOJ itself appears to be interpreting this phrase to mean <u>all live</u> January 6 cases, whether pre-trial, post-trial, pre-sentence or post-sentence, *in other cases*. *See, e.g, United States v. Christopher Alberts* (1:21-cr-00026); (government filed motions to vacate and dismiss appeal); *United States v. Lloyd Cruz* (1:22-cr-00064-RBW) (same). The government's now-pretended interpretation of the President's proclamation is belied even by the list of fourteen *commuted* individuals in the first paragraph of the President's proclamation. That list, after all,

includes **Jeremy Bertino** whose case is in the pre-sentencing phase in the District Court rather than the Court of Appeals.

The phrase "pending indictment" in Trump's Proclamation can only mean *all live cases*—whether in the district court or on appeal and whether a pardon or a commutation applies to individuals therein.

A similar reality occurs whenever fundamentally case-altering events occur abruptly during the pendency of an appeal. The doctrine of *abatement ab initio* erases a defendant's conviction if the defendant dies while an appeal is pending. *United States v. Pauline*, 625 F.2d 684, 684 (5th Cir. 1980).

Thus, a defendant is not a 'convicted felon' if he dies during his appeal of a felony. Such an appellant *dies an innocent man* under the law, if his conviction is on appeal. In essence, the case is extinguished as if the defendant was never indicted or convicted.

The U.S. Supreme Court upheld this doctrine in 1971, *Durham v. United States*, 401 U.S. 481, 483 (1971) and narrowed it in 1976 to apply only when a convicted defendant dies pending a direct appeal as of right, not when there is a petition for certiorari. *Dove v. United*

3

*States*, 423 U.S. 325 (1976)). The U.S. Courts of Appeals apply the doctrine. See *United States v. Christopher*, 273 F.3d 294, 296-297 (3d Cir. 2001); *United States v. Wright,* 160 F.3d 905, 908-909 (2d Cir. 1998); **United States v. Pogue, 19 F.3d 663, 665 (D.C. Cir. 1994);** *United States v. Davis,* 953 F.2d 1482, 1486 (10th Cir.), cert. denied, 504 U.S. 995 (1992); *United States v. Schumann,* 861 F.2d 1234, 1236 (11th Cir. 1988); *United States v. Wilcox,* 783 F.2d 44 (6th Cir. 1986); *United States v. Dudley*, 739 F.2d 175, 176 (4th Cir. 1984); *United States v. Littlefield*, 594 F.2d 682, 683 (8th Cir. 1979); *United States v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977); *United States v. Bechtel*, 547 F.2d 1379, 1380 (9th Cir. 1977) (per curiam).

The D.C. Circuit's 1996 *Pogue* decision collected numerous federal decisions supporting the same conclusion, e.g., *United States v. Williams*, 874 F.2d 968, 970 (5th Cir. 1989); *United States v. Mollica*, 849 F.2d 723, 725-26 (2d Cir. 1988).

**These defendants' commutations strip the government of authority to further prosecute them.**

4

Pezzola, Rehl, and Biggs have been granted commutations. The government has conceded that the fourteen commuted individuals have no further sentences to serve and are not even on probation or supervised release. But now the United States indicates an intent to continue prosecuting these defendants through appeals—over nothing, it seems, except perhaps Rehl's and Biggs' veteran benefits.[1]

Courts have repeatedly indicated that they lose jurisdiction over prosecutions when a pardon or commutation leaves the government with nothing to gain from a prosecution. *See, e.g., Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) (saying in a civil rights case that a former defendant "lacked access to habeas corpus" after being out of custody due to a commutation of sentence). Article III of the Constitution vests jurisdiction in the Judiciary only to the extent that there is an actual case or controversy.

Accordingly, the Court of Appeals has no jurisdiction over Rehl, Pezzola, and Biggs in this matter. Nor does this Court have any further jurisdiction over the government's prosecution of this case.

---

[1] The Sedition statute states that those convicted lose all military or veteran benefits upon conviction. All three of these defendants are veterans, but Pezzola was acquitted by the jury of seditious conspiracy, while Biggs and Rehl were convicted.

The District Court should, however, apply its housekeeping jurisdiction and open proceedings to examine the government's misconduct, falsification of evidence, and exaggerations in this case, as described previously.

**Dismissal is required on the merits, due to prosecutorial misconduct, as well as on mootness grounds.**

The overzealous prosecution, weaponization, exaggerations and misconduct described in the movants' motion also merit dismissal—after an evidentiary hearing. The government's bogus case was little more than a few stitched-together memes and Telegram chats about politics and Antifa combined with film footage of defendants engaged in minor civil disobedience at the U.S. Capitol. At most this should have been a misdemeanor disorderly conduct case.

ACCORDINGLY, this honorable Court should dismiss this case, with prejudice, after holding an evidentiary hearing regarding the government's misconduct.

Respectfully Submitted,
*/s/ Roger I. Roots*
*Roger I. Roots*
*10 Dorrance Street*
*Suite 700*
*Providence, Rhode Island 02903*
*Tel: (775) 764-9347*
*Email: roger@rootsjustice.com*

## **CERTIFICATE OF SERVICE**

I, Roger I. Roots, hereby certify that on this day, March 23, 2025, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ Roger I. Roots*
Roger I. Roots
