## United States District Court
## District of Columbia

United States of America,

      Plaintiff,

v.

DOMINIC J. PEZZOLA,

      Defendant.

Case No. 1:21-cr-00175-TJK-6

## DEFENDANT PEZZOLA'S UNOPPOSED MOTION TO UNSEAL TRANSCRIPTS AND DOCUMENTS

The defendant, Dominic J. Pezzola, by and through his counsel of record, respectfully moves the Court to fully unseal the following docket entries and trial transcripts:

| Date | Description |
| --- | --- |
| (unknown) | ECF 564 – sealed pre-trial order |
| 4/3/23 afternoon | Trial transcript |
| 4/4/23 afternoon | Trial transcript |
| 4/5/23 morning | Trial transcript |
| 4/5/23 afternoon | Trial transcript |
| 4/6/23 morning | Trial transcript |
| 4/6/23 afternoon | Trial transcript |
| 4/11/23 morning | Trial transcript |
| 4/13/23 morning | Trial transcript |
| 4/19/23 morning | Trial transcript |
| 4/20/23 morning | Trial transcript |
| 4/20/23 afternoon | Trial transcript |
| 4/21/23 afternoon | Trial transcript |
| 4/24/23 morning | Trial transcript |
| 4/25/23 morning | Trial transcript |
| 4/27/23 morning | Trial transcript |

The public has a qualified First Amendment and common law right to access documents in criminal proceedings. *See United States v. Brice*, 649 F.3d 793, 796, 798 (D.C. Cir. 2011). This "presumption of access can be overridden only if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Id.* at 796 (cleaned up).

The defense is seeking to unseal the above-referenced documents and transcripts, most of which relate to a discrete set of issues that arose during trial. The defense will assume for the sake of this motion that the Court correctly found a compelling reason to seal the relevant documents at the time of trial. However, now that trial has concluded, the defense respectfully submits there is no longer a compelling reason to keep these documents under seal. Because the defense is filing this motion publicly, the defense isn't describing the substance of the sealed material in this public motion; at the Court's direction, the defense is more than willing to submit a sealed supplement providing additional argument regarding the substance and the lack of a compelling reason to maintain the seal post-trial.

The Court should unseal these documents for the sake of streamlining the proceedings on appeal. If an appellant seeks to raise an argument on appeal that involves information that remains under seal in the district court, the appellant must prepare two separate briefs, one publicly filed, one sealed, with the sealed information presented only in the sealed brief. *See* Circuit Rule 47.1(d). Likewise,

the defense must include sealed materials in a separate sealed supplement to the appendix. *See* Circuit Rule 47.1(e). The defense anticipates raising one or more issues on appeal that relate to the currently sealed information that is the subject of this motion. The defense respectfully maintains there's no longer a compelling reason to keep that information sealed. Unsealing the information will likely allow the defense to prepare a single publicly filed opening brief without the need for a second sealed brief and will likewise minimize if not eliminate the need for a sealed supplement to the appendix. Thus, unsealing this information will promote judicial economy for the proceedings on appeal.

On January 30, 2026, AUSA Daniel Lenerz advised that the government does not oppose this motion.

**Dated:** February 11, 2026.                    Respectfully submitted,

RENE L. VALLADARES
Federal Public Defender

By:  */s/ Ryan Norwood*
RYAN NORWOOD
Assistant Federal Public Defender
Appellate Counsel for Dominic J.
Pezzola

## Certificate of Electronic Service

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers. That on February 11, 2026, she served an electronic copy of the above and foregoing **UNOPPOSED MOTION FOR LIMITED UNSEALING OF PARTIAL TRANSCRIPT FOR APPELLATE REVIEW** by electronic service (ECF) to the person named below:

Conor Mulroe
Assistant United States Attorney
601 D Street, NW
Washington, DC 20005

Erik Kenerson
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530

Jason McCullough
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530

Jocelyn S. Ballantine
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530

Nadia Moore
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

*/s/ Kaitlyn O'Hearn*
Employee of the Federal Public
Defender